ARCHIBALD GILMORE, plaintiff in error, *vs.* CHRISTOPHER MURPHY, defendant in error.

1. Where a plea is so indefinite and uncertain as to render it impossible for the court to pronounce the judgment of the law thereon, a demurrer thereto should be sustained.

2. Where the question at issue is whether a business, nominally conducted in the name of a firm, was, at a certain time, really the property of one of the alleged members, newly discovered evidence to the effect that each one of the apparent partners had told a witness several years after the time at

which the fact was material, that whilst they did business as a firm, yet, in reality, one of the alleged partners had no interest therein, is no ground of new trial.

Pleadings. New trial. Before Judge TOMPKINS. Chatham Superior Court. May Term, 1875.

One of the grounds of the motion for new trial was that of newly discovered evidence, to the effect that Murphy and Clark had each told one Mills, in July, 1873, that the latter had no interest in the business of Murphy & Clark, but simply received wages as an employee. The mortgage sought to be foreclosed was executed on January 26th, 1871. The usual supporting affidavits were attached.

For the remaining facts, see the decision.

RUFUS E. LESTER, by brief, for plaintiff in error.

GEORGE A. MERCER, by brief, for defendant.

WARNER, Chief Justice.

C. Murphy, the plaintiff in the court below, petitioned for the foreclosure of a mortgage executed by A. Gilmore, and claimed that $1,680 00, besides interest, etc., was due. Gilmore filed, first, a plea of partial payment, which was allowed. Plaintiff moved to strike all that part of defendant's plea which followed the first plea of partial payment. The court, after argument, sustained the motion. The plea so stricken alleged that Murphy, in consideration that Gilmore would agree to do for the firm of Murphy & Clark, of which Murphy was a member, the ornamental and sign painting for the said firm, that he (Murphy) would pay the purchase money of the said land, and would also take half of the land himself, and would give to Gilmore time to pay for the said land until the amounts with which he was to be credited for his work by the said Murphy & Clark, should be sufficient to reimburse the said Murphy; that in pursuance of said contract, Gilmore went to work for the said Murphy & Clark, and

Gilmore *vs.* Murphy.

rendered service to them to the amount of $1,653 74; that the said Murphy & Clark were entitled to charge against him (Gilmore) the sum of $1,046 27, for advances and payments made to him, (Gilmore,) leaving a balance in his favor of $607 47, due him by the said firm of Murphy & Clark. And Gilmore claimed the right to set off this balance against the debt due C. Murphy individually. Gilmore also pleaded that Murphy had damaged him to the extent of $1,200 00—in this, that the said Murphy & Clark, through the said Christopher Murphy, failed to supply him (Gilmore) with a large part of the work which they agreed for him to do, but employed others to do the work, thus keeping him unemployed, and depriving him of the opportunity of working out the payment for the said land in the manner agreed on. And said Gilmore claimed the right to recoup this damage against the debt due Murphy.

The jury found a verdict in favor of the plaintiff. The defendant made a motion for a new trial on the ground that the court erred in sustaining the demurrer to the second and third pleas of the defendant and ordering the same to be stricken, and for newly discovered evidence, which motion was overruled, and the defendant excepted.

1. The defendant did not allege in his plea at what time the alleged agreement was made nor within what time it was to be performed. Whether the alleged agreement was in writing, or by parol, or whether it was to be performed within one year or not, the plea did not state, nor was there any bill of particulars annexed thereto specifying the amount of work done by the defendant, nor was it alleged that the plaintiff agreed to credit the amount of the defendant's work on his mortgage. The pleas of the defendant were entirely too indefinite and uncertain to enable the court to pronounce the judgment of the law thereon. Good pleading consists in a logical statement of facts upon the record in view of the law applicable thereto.

2. The newly discovered evidence relates to what Murphy and Clark told the witness, Mills, in July, 1873, in regard to

their being partners at that time, whereas the note and mortgage was made in January, 1871. We find no error in overruling the motion for a new trial on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.