WILLIAM A. JENKINS, plaintiff in error, *vs.* THE GERMAN LUTHERAN CONGREGATION OF EFFINGHAM COUNTY, defendant in error.

A plea that "prior to 1860, one Walls did execute a certain mortgage deed whereby he did charge said land in said rule *nisi* mentioned, with the payment of a certain sum of money, that after the execution of said mortgage deed the respondent became the purchaser of said land, *bona fide*, in the due course of trade, and for a valuable consideration; that after said purchase by said respondent, to-wit: on the 14th of January, 1871, believing, by mistake, that the said mortgage, executed as aforesaid by said Walls, was a good and legal subsisting incumbrance and lien on the land so purchased as aforesaid by the respondent, this respondent by mistake, as aforesaid, believing that said land was liable to be levied on and sold to pay said mortgage so executed by said Walls, when the truth is, as this respondent is now advised and believes, that said mortgage was not a good and legal subsisting lien or incumbrance on said land, as no suit had been commenced on or before the day aforesaid to enforce the payment of said mortgage deed executed by said Walls, and so it is that, by mistake of the law and the fact of the liability of said land to said mortgage, and to relieve said land from said liability, this respondent, without any consideration whatever, did execute the mortgage deed now the subject of foreclosure in the proceedings aforesaid; wherefore this respondent says that said mortgage is void, and no judgment should be rendered thereon against him," without more, is bad, and was properly stricken on demurrer thereto.

Equity. Mortgage. Contracts. Pleadings. Before Judge TOMPKINS. Effingham Superior Court. November Term, 1876.

Reported in the opinion.

A. B. SMITH; J. L. SINGLETON, for plaintiff in error.

R. E. LESTER, for defendant.

JACKSON, Judge.

The German Lutheran Congregation of Effingham County proceeded to foreclose their mortgage against Jenkins. He defended by filing the plea set out in the head-note to this

case.   The court, on demurrer, struck the plea, and Jenkins excepted.

We think that the circuit court did right.   The plea amounts to nothing but ignorance of the law, and the Code of Georgia, following the old maxim, *ignorantia legis neminem excusat*, makes such a plea bad, and so it has been often ruled by this court.   Code, §3121; 7 *Ga.*, 70, and following cases.

It is true that the party here attempted to set up mistake of law under section 2743 of the Code; but it is not alleged that the other party brought about the mistake.   Code, §2636.   This latter section is explicit that such mistake will not vitiate the contract.   Besides, even an administrator may pay a debt barred by the statute of limitations, and equity will not relieve because of ignorance of that statute, or of its application to the case.   29 *Ga.*, 651.   Code, §2542.   And a debt barred by the statute of limitations is a sufficient consideration for a new promise to pay.   Angell on Lim., 218, *et seq.*

In addition to all this, this plea does not allege that the defendant paid for the land without counting upon paying this mortgage.   It does allege that he paid a valuable consideration, but that may have been so, and he may have paid less value because the land was mortgaged.   He does not deny that.   *Scofield vs. McNaught*, 52 *Ga.* 77.

Besides, the plea states conclusions and not facts—it deals in generalities and not in particulars.   A plea, the object of which is to set aside the solemn contract of a party under his hand and seal, should specify distinctly the grounds therefor.   In every view we can take of this plea, we think it bad, and therefore affirm the judgment which so pronounced it.   44 *Ga.*, 38; 56 *Ga.*, 510; *Carr vs. Dickson, this term.*

Judgment affirmed.