# BRIDGES *v.* BARBREE.

1. Where lands belonging to the estate of a decedent are duly set apart as a year's support to his widow and minor child, while the title to the same vests in such widow and minor, the widow may sell and convey such lands in fee simple for the purpose of deriving from the proceeds a support for herself and the child.

2. If the child becomes of age, marries, and removes from such lands, the widow can sell and convey the same for the purpose of raising funds for her own support and maintenance; and her right to do so would not be affected by the fact that she had married again.

3. After the marriage of the minor and her removal from the premises so set apart, she would not have a right to demand, as a tenant in common with her mother, a partition of such lands.

4. Even if the deed which the defendant in error sought to have cancelled or annulled, and the execution of which she contends was procured by fraud, by its terms conveys to the grantee, the plaintiff in error, rights and equities in the premises in dispute, a court of equity will not decree the cancellation or annulling of such conveyance, where it appears from the petition that the complainant had in hand money which had been paid to or deposited with her by the grantee, and the repayment of which, or an offer to repay or return, so as to make a valid tender, is nowhere alleged.

Submitted July 18, 1906.—Decided February 27, 1907.

Equitable petition. Before Judge Spence. Decatur superior court. November 14, 1905.

Hettie Barbree filed her petition against Bridges and Elizabeth Goodson, alleging, in substance, that a year's support, consisting in part of a certain tract of land, had been duly set apart, out of the estate of petitioner's deceased father, to his widow and to peti-

tioner, then a minor child, "thereby vesting the title to said lot jointly in petitioner and Elizabeth Barber, widow;" that "petitioner is now of lawful age and married, . . and the said Elizabeth Barber has since remarried and is now Elizabeth Goodson," one of the defendants; that the defendant Bridges induced petitioner to sign a deed to said land, stating that he had bought the interest of Elizabeth Goodson, and "protesting to her that her signature was needed as a mere formality, and that as soon as titles were perfected he would reconvey her interest in said lot back to her;" that the paper which petitioner signed was a blank form and contained no consideration, stipulations, or description of any property; that after obtaining plaintiff's signature, defendant Bridges filled in the blank form, making it a deed conveying the title to said tract of land, and procured the signatures of Elizabeth Goodson and Ollie Mock thereto; that petitioner received no consideration for signing the deed; that Bridges deposited with her his check for $240, and told her that if he failed to make title back to her, he would forfeit the money; that "on several occasions . . petitioner has demanded of the said Bridges that he convey back to her title to her interest in said property, which the said Bridges has failed and refused to do, petitioner agreeing to return to him the deposit of $240." The petition alleges fraud on the part of Bridges, and prays that the deed be "canceled and decreed null and void," and that "said land be partitioned between petitioner and Elizabeth Goodson." By amendment petitioner alleges, that "at some time subsequent to the signing of said fraudulent deed . . the said Bridges took possession of her one-half interest in said lands and now holds the same and refuses to reconvey same to her in accordance with his promise so to do. . . If the conveyance from Elizabeth Goodson [to Bridges] conveys good title to the interest of the said Goodson to the said Bridges, then, as a matter of fact, the said Bridges is the owner of the half interest of the said Goodson, and is tenant in common with petitioner, instead of Elizabeth Goodson;" and plaintiff amends her prayer by praying that "said deed be decreed null and void as to the half interest of plaintiff," and by striking the word "canceled" from said prayer. This amendment was allowed, over the objection of defendant Bridges that "it set up a new and distinct cause of action." A general demurrer to the petition was

overruled, and he excepted, assigning error on the allowance of the amendment, and on the overruling of the demurrer.

*Russell & Hawes,* for plaintiff in error.

*R. G. Hartsfield,* and *W. M. Harrell,* contra.

BECK, J. (After stating the facts.) 1-3. The principles stated in the first three headnotes are established law. They are merely a restatement of decisions by this court in cases where the issues were the same as those presented by the record in the present case. It is not alleged in the petition that the widow, who had remarried, proposed or intended to use the proceeds arising from the sale of the lands, for any purposes other than those contemplated by the statute creating the right to a year's support for the family of a decedent; and in the absence of such an allegation there is no presumption that any improper or illegal use was intended or proposed. In the case of *Vandigrift* v. *Potts,* 72 *Ga.* 665, it was made affirmatively to appear that the land which had been set apart as a year's support for the widow and minor child was sold by the former after her second marriage, and the proceeds invested in other lands, the title to the latter being taken in the name of the second husband and his wife; and it was held that "the sale was not good;" but it was not held in the *Vandigrift* case, nor in any other case, that, even after she marries again, the widow may not sell the property set apart, in order to derive from it means of support and maintenance. In the case of *Swain* v. *Stewart,* 98 *Ga.* 366, it was decided that, "The right to a year's support being a vested right to her as an individual, her second marriage would not deprive her of this right. 'Whenever a right by law has attached by reason of widowhood, there must be some law by which it is divested, or it will remain.'" In that case the sale was made by the widow after her second marriage, partly to raise money to pay a fine, so as to obtain her discharge from custody, and partly in consideration of supplies furnished for herself and child; and it was held that the sale was lawful and passed a good title to the purchaser. In the case of *Miller* v. *Miller,* 105 *Ga.* 305, it was said by Chief Justice Simmons, who delivered the opinion: "If the year's support was set aside to the widow and child jointly, the widow is entitled to use and control it as long as the money lasts or as long as she lives, even though the child marry or become of age. The child in such case

can not force a division of the property so set apart." See also *Boozer* v. *Nash,* 120 *Ga.* 406, and cit.

4. Whether or not the plaintiff in the present case, having become of age and married after the setting apart of the year's support, still had rights and equities in the land embraced in the year's support, it is not necessary to decide here. Even if her rights and equities were affected by the deed which she seeks to have canceled on the ground that its execution was procured by fraud, she has not put herself in a position entitling her to a decree annulling that instrument. Before she would be entitled to such a decree in a court of equity, she must tender or offer to repay the money which had been paid to her or deposited with her by the grantee in that deed; and no tender or offer to repay is pleaded. Certainly the mere recital in the petition of petitioner's "agreeing to return to him [the defendant] the deposit of $240, made by said Bridges," can not be treated as an allegation of a valid tender. *Miller* v. *Cotten,* 5 *Ga.* 341.

*Judgment reversed. All the Justices concur, except Fish, C..J., absent.*