## WALKER *et al. v.* WALKER *et al.*

FISH, C. J. In 1881 an owner of land executed a deed thereto. The grantees mentioned were his wife and their four children, naming them. The recited consideration was $10, and natural love and affection. After the description of the property the deed proceeded as follows: "To have and to hold the said tract of land unto them, the said [wife and children, naming them] their heirs and assigns, together with all and singular the rights, members, and appurtenances thereof, to the same belonging, to their own proper use and benefit forever in fee simple. *Provided* nevertheless, that said tract of land herein granted shall not be sold, unless for the purpose of division of same as hereinafter

specified, by said parties of the second part, except upon application to the Superior Court of said county by the said [wife], if in life, and all such children who shall be living and shall have attained their majority at the time of such application, and upon leave granted by the judge of said court for such sale, and provision made by said judge for the reinvestment of the proceeds of said sale in an estate of like nature with the one herein created; and provided further, that the corpus of the estate granted by this deed, or arising from reinvestment above mentioned, shall not be encroached upon, nor shall division of the same be made until the said [wife] shall have died, and all of said children who may live for so long have attained their majority; and provided further, that if at the time of the said division any of the parties of the second part shall have died leaving no children or descendant of children, then the share of said party or parties shall be divided among those of said parties of the second part living at said time, share and share alike; but if said deceased party shall have left a child or children or descendant of children, then said child or children or descendant of children to take the share of their deceased ancestor." Then followed a clause warranting the premises to the grantees by name. *Held:*

1. The deed created no trust estate.
2. Such deed did not create a life-estate in the wife with remainder over to the children.
3. It conveyed the land in fee to the wife and children named, with a provision that no division of the property should be made until after the death of the wife and the majority of the children who might live to reach majority. The fee conveyed was subject to be divested as to any grantee who might die before the time for division arrived. If at the time fixed for such division any grantee should be dead, leaving no children or descendant of children, the share of such deceased grantee was to be divided among those of the other grantees who should then be living, share and share alike. If the party so having died left a child or children or descendant of children, then such child or children or descendant of children should take the share of their deceased ancestor.
4. Under the rule prescribed by the code of this State, if two clauses in a deed be utterly inconsistent, the former must prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect. Civil Code, § 4187.
5. Where, after the four children of the grantor had become of age, they and their mother joined in making a warranty deed, upon a valid consideration, they could not afterward repudiate such deed and reclaim the property on the ground that, under the deed from the original grantor to them, they did not have authority to make such conveyance. They were estopped from so doing. *Spalding* v. *Grigg*, 4 *Ga.* 75, 85; *Boisclair* v. *Jones*, 36 *Ga.* 499; *Allen* v. *Lathrop & Co.*, 46 *Ga.* 133, 137; *Beard* v. *White*, 120 *Ga.* 1018 (6), 1019 (48 S. E. 400); Civil Code, § 4189.
6. As between the parties, a deed made as stated in the preceding headnote conveyed all of the title and interest which the grantors therein owned in the land.

7. As between a grantor and grantee the payment of a debt of the former, though barred by the statute of limitations, furnishes a valid consideration for the making of a deed by the debtor to the holder of the indebtedness. *Jenkins* v. *German Lutheran Congregation,* 58 *Ga.* 125; *Usina & Jones* v. *Wilder,* 58 *Ga.* 178 (3).

(a) The provision of the code which declares that a wife can not bind her separate estate for the debts of ·her husband does not affect the power of a widow to contract with reference to such debts after his death. *Mize* v. *Hawkins,* 54 *Ga.* 500.

(b) The evidence showed a sufficient consideration to support the conveyance by the children who joined with their mother in executing the deed.

(c) A contract will not be set aside on the ground of fraud in its procurement, at the instance of one who has neither restored nor offered to restore the fruits thereof. *Petty* v. *Brunswick & Western Ry. Co.,* 109 *Ga.* 666 (5), 675 (35 S. E. 82).

8. None of the numerous assignments of error upon rulings made pending the trial furnish sufficient grounds for a reversal.

9. As between the parties to the litigation, there was no error in directing a verdict, as stated in the bill of exceptions and assigned as error. .

*Judgment on the main bill of exceptions affirmed; cross-bill of exceptions dismissed. All the Justices concur.*

FEBRUARY 28, 1913.

Equitable petition. Before Judge Ellis. Fulton superior court. November 23, 1911.

*Green, Tilson & McKinney* and *Rosser & Brandon,* for plaintiffs.

*Z. D. Harrison, Tye, Peeples & Jordan,* and *C. P. Goree,* for defendants.