HOOPER *v.* WEATHERS *et al.*

No. 8638,   JULY 15, 1932.

*Julius Rink,* for plaintiff.

*Wright & Covington* and *Rosser & Shaw,* for defendants.

BECK, P. J. Mrs. E. A. Hooper brought an equitable petition against Sam, G. C., W. A., and Joe Weathers, to set aside and cancel a deed executed by her. Service of the petition was had in person upon Sam Weathers. W. A. Weathers acknowledged service on February 4, 1931. Sam Weathers was served in time for the case to be returnable, as to him, to the February term, 1931, of the superior court, which convened on February 16, 1931. The acknowledgment of service on the part of W. A. Weathers was made on February 4, and was only thirteen days prior to the convening of the February term; and therefore the appearance term as to W. A. Weathers was the May term. No service was effected upon the two remaining defendants, but at the May term, 1931, on May 4, a verdict was entered in the case as follows: "We, the jury, find for plaintiff, and find against the deed described in the petition and that it be set aside and canceled." Upon this verdict a judgment was entered, decreeing that the deed be canceled and set aside in so far as the interests of W. A. Weathers and Sam Weathers are concerned. On May 4, 1931, W. A. and Sam Weathers filed their answer and demurrer to the petition. On May 29, 1931, a motion was filed to set aside the above judgment. A rule nisi was entered upon this motion, and service of the same was effected on June 4. On June 5 an amendment to this motion was filed, and on July 10, the case came on for a hearing, and the prayers of the motion were granted and the judgment was vacated and set aside. Then the four defendants filed a demurrer upon the ground that the petition set forth no cause of action against them. This demurrer was sustained by the court, and an order was entered dismissing the petition. The plaintiff excepted. Error is also assigned upon the order setting aside the judgment, on the ground that the order was contrary to law, and that the demurrer of W. A. and Sam Weathers (the default not having been opened at the time of filing) could not be considered by the court.

Under the peculiar facts of this case as they appear in the record, the court did not err in sustaining the motion to set aside the verdict and judgment. This was a suit brought against four defend-

ants jointly, to set aside and cancel a deed that had been executed by the plaintiff, Mrs. Hooper, to the four defendants named. One of the defendants alone had been served, so as to make the February term of the court the return term as to the suit against him. The suit was brought for the sole purpose of setting aside and having canceled a single document. While the provisions of the statute as to opening defaults, payment of costs, making a proper showing as to diligence, etc., were not complied with in this case, it does not appear from the bill of exceptions that any objection based upon this ground was made to the court at the time the motion to set aside the verdict and judgment came up for a hearing. It is true that there is an exception to the judgment that was granted, but that does not show that any objection based upon the statute referred to was made to the court at the time of the hearing.

The motion to set aside the judgment is also attacked upon the ground that it was not sworn to. There is no statute requiring that such a motion be sworn to, and the judge properly considered the motion and the amendment thereto.

After the court entered the order sustaining the motion to vacate and set aside the judgment, a hearing was had upon the general demurrer to the petition filed by all the defendants in the case; and after a hearing the court sustained the demurrer and dismissed the petition. The court did not err in sustaining a general demurrer. While the plaintiff alleges that she had never delivered the deed in question but had put it upon record as evidence of good faith, nevertheless it appears that the defendants had deposited in a bank $300, a part of the consideration for the deed—the entire consideration being $500. And while it is alleged that the grantees in the deed withdrew a part of the sum deposited, it further appears that the larger portion of the amount deposited had been received and used by the plaintiff, and there was no offer to restore the amount that the grantor had used. The grantor herself had the deed recorded; and when she accepted and used a large part of the money which was the consideration of the deed, she could not treat the deed as ineffectual and have the same canceled, without offering to restore or repay the money she had received. In the case of *Bridges* v. *Barbree,* 127 *Ga.* 679 (56 S. E. 1025), this court held: "Even if the deed which the defendant in error sought to have canceled or annulled, and the execution of which she contends

was procured by fraud, by its terms conveys to the grantee, the plaintiff in error, rights and equities in the premises in dispute, a court of equity will not decree the cancellation or annulling of such conveyance, where it appears from the petition that the complainant had in hand money which had been paid to or deposited with her by the grantee, and the repayment of which, or an offer to repay or return, so as to make a valid tender, is nowhere alleged." And in *Walker* v. *Walker,* 139 *Ga.* 547 (77 S..E. 795), it was held: "A contract will not be set aside on the ground of fraud in its procurement, at the instance of one who has neither restored nor offered to restore the fruits thereof. *Petty* v. *Brunswick & Western Ry. Co.,* 109 *Ga.* 666 (5), 675 (35 S. E. 82)." Other cases to the same effect might be cited.

The assignments of error not specially noticed are without merit.        *Judgment affirmed. All the Justices concur.*