COOPER *et al.* v. PEEVY *et al.*

No. 12109.  March 9, 1938.

*Julius A. McCurdy, Richard H. Peters,* and *Jones, Fuller & Clapp,* for plaintiffs.

*Scott Candler* and *Robert Lee Avary Jr.,* for defendants.

Bell, Justice.  On January 22, 1934, Mrs. Lilly Cooper borrowed $200 from Miss Carrie Farr, securing the same by a deed to secure debt on a described tract of land in DeKalb County, Geor-

gia. The security deed contained a power of sale. On August 4, 1936, the debt being in default, in pursuance of the power the property was sold at public outcry for $600 to Howard R. Peevy, who received from Miss Farr, the creditor, a deed executed by her as attorney in fact for Mrs. Cooper. On August 7, 1936, Mrs. Cooper was induced by some one to execute a warranty deed to Peevy purporting to convey the same land. On August 12, 1936, Mrs. Cooper died intestate, leaving as her sole heirs at law C. M. Cooper, Mrs. Zera Cooper Bishop, Mrs. Lucy Cooper Davenport, Mrs. A. M. Copeland Jr., and T. B. Cooper. On August 22, 1936, all of the heirs at law except T. B. Cooper filed a suit in equity against Howard R. Peevy and T. B. Cooper, praying for cancellation of the warranty deed dated August 7, 1936, upon the ground that Mrs. Cooper was insane at the time this deed was executed. The plaintiffs alleged, on information and belief, that the consideration for this deed was $600, "from which amount there was deducted approximately $200 in payment of a loan against said property, and certain other deductions were made, and the amount received by the said Mrs. Lilly Cooper was $168." They also alleged, that the property was worth the sum of $3,000; that the purported sale was grossly fraudulent and was made at a time when Mrs. Cooper was incompetent to transact any business; and that the $168 "hereinbefore alleged to have been paid to the said Mrs. Lilly Cooper was received by defendant, T. B. Cooper, and petitioners show that said defendant T. B. Cooper should be required to account for said sum." Howard R. Peevy, hereinafter sometimes referred to as the defendant, filed an answer in which he admitted that he held a warranty deed from Mrs. Lilly Cooper as alleged, but he denied the insanity of the grantor at the time of its execution. He further alleged that he had purchased the property at a sale made under the security deed, and had obtained from Miss Farr as attorney in fact a deed to the property in question.

The original petition did not refer to the security deed or to the deed made by Miss Farr as attorney in fact; but after Peevy had filed his answer, the plaintiffs amended their petition by setting forth the execution of these instruments, and alleging that the deed obtained by Peevy at the sale under power was fraudulent and void, for the reason that at this sale the defendant was at first the highest and best bidder for $1000, but that he failed to com-

ply with his bid, and the property was again exposed for sale on the same day, when he was permitted to purchase the property for the sum of $600. The amendment also alleged that the power of sale was not exercised in accordance with the law, and that "the attempted sale of said property thereunder was made by collusion and fraud and for the purpose of enabling the defendant, H. R. Peevy, to acquire the property at the lowest possible bid." Neither Miss Farr nor her attorney at law who conducted the sale was made a party to the petition. On the trial the plaintiffs introduced evidence which tended to support their allegations as to the manner in which the sale was conducted and as to the insanity of Mrs. Cooper at the time of executing the deed of August 7, 1936. The evidence also tended to show that the defendant and a man by the name of Camp colluded with each other at the second bidding for the purpose of depressing the sale and enabling the defendant to purchase the property for the sum of $600, at which price the property was finally knocked off and sold to him. It further appeared from the evidence that the defendant paid $600 to the attorney who represented Miss Farr, the creditor, and that more than $200 was properly applied to the payment of the debt, with interest, and the expenses of the sale. The evidence showed that the plaintiffs had not tendered to the defendant this amount or any other part of the sum which he had paid for the property and offered no excuse for their failure to do so, except that T. B. Cooper had offered to repurchase the property from the defendant at a profit, and that this offer was refused. The court directed a verdict in favor of the defendants. The plaintiffs moved for a new trial, assigning error on the direction of the verdict, adding a ground based on alleged newly discovered evidence consisting of an affidavit from Camp, in which he deposed to acts of fraud and collusion between him and Peevy in chilling the sale, stating that he was paid $35 by Peevy for his part in the scheme. The movants attached to this ground supporting affidavits as required by law. In rebuttal, the defendant introduced the affidavits of two persons who testified to the effect that they were acquainted with the general reputation of Camp, and that they would not believe him on oath. The judge overruled the motion for new trial, and the plaintiffs excepted.

■ The plaintiffs sued as heirs at law of Mrs. Cooper. They sought cancellation of two deeds, one being a deed made by the

grantee in pursuance of a power of sale contained in a security deed executed by the plaintiffs' mother; and the other being a warranty deed executed by the plaintiffs' mother after the sale under power and purporting to convey the same land to the purchaser at such sale, the former being attacked on the ground of fraud and the latter for insanity of the grantor. There is no attack upon the security deed itself, nor is there any contention that the debt secured thereby was not a valid obligation of the plaintiffs' mother. Nor is there any insistence that the sale under power was improper or irregular for any reason except the manner in which it was conducted and collusion in the bidding. It is not disputed that the defendant paid $600 for the property, and that more than $200 of this sum was properly applied toward payment of the debt owed by the plaintiffs' mother, with interest and expenses of sale. The transactions in question all occurred during the lifetime of the plaintiffs' mother. The plaintiffs, in suing as heirs at law, are necessarily proceeding in right of their mother. They stand in her shoes, as it were, and are therefore in no better position than she would be if living. *Pierce* v. *Middle Georgia Land & Lumber Co.*, 131 *Ga.* 99 (61 S. E. 1114) ; *McClure Realty & Investment Co.* v. *Eubanks,* 151 *Ga.* 763 (108 S. E. 204) ; *Warren* v. *Federal Land Bank of Columbia,* 157 *Ga.* 464 (122 S. E. 40). With reference to the deed obtained by Peevy from Miss Farr as attorney in fact, in pursuance of the sale under power, Mrs. Cooper, the debtor, could not have obtained the relief of cancellation upon the ground of fraud without first paying or offering to pay to the defendant at least that portion of the purchase-money which was properly applied to the payment of her debt. Code, §§ 37-104, 20-906; *Bridges* v. *Barbree,* 127 *Ga.* 679 (4) (56 S. E. 1025) ; *Walker* v. *Walker,* 139 *Ga.* 547 (7-c) (77 S. E. 795) ; *Williams* v. *Fouché,* 157 *Ga.* 227 (121 S. E. 217) ; *Hooper* v. *Weathers,* 175 *Ga.* 133 (3) (165 S. E. 52). The right of the plaintiffs as her heirs at law is subject to the same qualification. If the debt had not been paid, it would have remained an incumbrance against the property inherited by them; and yet they would have the deed canceled without paying or offering to pay to the defendant the sum applied from his funds to the removal of such incumbrance. As to the deed just mentioned, the plaintiffs were not entitled to the relief sought, for the reason that they did not

do or offer to do equity. The facts that one of the heirs at law may have offered to repurchase the property from the defendant at a profit to him, and that he declined the offer, did not show that the defendant would have refused an offer of rescission and restitution, and thus did not constitute a sufficient reason for the failure of the plaintiffs to do or offer to do equity.

With reference to the deed made directly to the defendant by Mrs. Cooper, after the foreclosure sale, suffice it to say, this deed can not be canceled at the instance of the plaintiffs unless the deed made by the attorney in fact may also be canceled. So long as the latter deed remains in force, the defendant's title is complete as against the plaintiffs; and consequently the plaintiffs have no such interest in the land as would entitle them to cancel the deed made by their mother, notwithstanding it might otherwise have been subject to cancellation for insanity of the grantor. *Bowman* v. *Chapman,* 179 *Ga.* 49 (4) (175 S. E. 241); *Gray* v. *Federal Land Bank of Columbia,* 182 *Ga.* 894 (187 S. E. 104). It follows that the court did not err in directing the verdict in favor of the defendant. In the brief for the plaintiffs it is stated that the question of restitution was mentioned for the first time by counsel for the defendants in error in the brief filed in this court. The question was in the case, however, and for aught that appears may have been the ground upon which the judge directed the verdict for the defendant. As to this matter, the circumstances are different from those in *Hall* v. *Butler,* 148 *Ga.* 812 (98 S. E. 549).

■ A new trial was not required, as a matter of law, on the ground of newly discovered evidence. This ground was based upon an affidavit by C. J. Camp, declaring that for a consideration paid by the defendant he had colluded with the defendant to depress the sale. Besides what appears by the affidavit itself as to the character of the affiant, the defendant introduced in rebuttal the affidavits of two persons who testified that they were acquainted with the general reputation of Camp, and that they would not believe him on oath. In these circumstances the judge did not abuse his discretion in refusing to grant a new trial upon the ground relating to the alleged newly discovered evidence. *City & Suburban Railway* v. *Findley,* 76 *Ga.* 311 (2); *Ivey* v. *State,* 154 *Ga.* 63 (7) (113 S. E. 175); *Williams* v. *State,* 174 *Ga.* 174 (162 S. E. 377). Furthermore, even if this evidence were introduced, it

could do no more than strengthen the plaintiffs' case as to fraud, and would in no way relieve their failure to tender the sum paid by the defendant in extinguishment of the debt for which the property was sold. The judge did not err in overruling the motion for a new trial. *Judgment affirmed. All the Justices concur.*