## THOMPSON *v.* THOMPSON *et al.*

JENKINS, Justice. 1. The evidence as to whether the plaintiff had sufficient mental capacity to execute the power of attorney was in conflict, but there was abundant testimony to authorize the finding that such capacity existed.

2. While the power of attorney which was in evidence authorized the execution of an absolute deed of conveyance or of a security deed if necessary and proper in the management of the plaintiff's property, it in no wise empowered the attorney in fact, a brother-in-law of the plaintiff, to execute to his brother, another brother-in-law of the plaintiff, for the benefit of themselves and their family, an absolute conveyance of the remainder interest in the property after the death of the plaintiff, as a substantially gratuitous disposition of the property without regard to its value, as the attorney in fact testified in effect was done. Accordingly the verdict, which in effect established such deeds, executed under the power of attorney, as absolute conveyances of the remainder interest in the property, was unauthorized by the evidence.

3. The record fails to disclose any evidence which would implicate the defendant grantee in the deeds from the attorney in fact in any fraud upon the plaintiff, other than what might be inferred from the gross discrepancy between the moneys advanced by the grantee and the value of the remainder interest in the property. But such discrepancy would be immaterial, since, even though the answer of the grantee set up a purchase of the remainder interest, his testimony, admitted without objection, went only to show that the advances made by him were in the nature of a loan, which was secured by the deeds, and for which he expected repayment at the death of the grantor. Accordingly, if the evidence on another trial should be admitted without objection on the defendant's answer as it now stands, and should be in substantial accord with that at the last trial, the grantee, upon a cancellation of the deeds as prayed, would be entitled to receive the sums advanced by him with interest, as asked for in the alternative prayer of his answer. As to the restitution of moneys received by a grantor from a grantee of a deed sought to be canceled, see *Dean* v. *Goings*, 184 *Ga.* 698 (2, 3) (192 S. E. 826), and cit.; *Walker* v. *Walker*, 139 *Ga.* 547 (7, c) (77 S. E. 795); *Hooper* v. *Weathers*, 175 *Ga.* 133, 135 (165 S. E. 52), and cit.; *Cooper* v. *Peevy*, 185 *Ga.* 805, 808 (196 S. E. 705), and cit.; Code, § 20-906. See also *Franklin Savings & Loan Co.* v. *Branan*, 54 *Ga. App.* 363 (2), 364 (188 S. E. 67).

4. So far as the cancellation of the power of attorney is concerned, the same, not being coupled with an interest, was revocable at will; and the mere filing of the suit amounted to a revocation thereof with respect to any future action thereunder by the attorney in fact.

5. The foregoing rulings control the case as tried, without reference to the special grounds of the motion for new trial. But since another trial must be had, it is held that the power of attorney was admissible for the purpose stated in division 2 of this syllabus; and that the remaining special grounds are without merit.

*Judgment reversed. All the Justices concur.*

No. 13195. MAY 17, 1940.

270

*Mozley & Combs,* for plaintiff.
*Charles Brown, John Cheney,* and *Charles Pigue,* for defendants.