28706. LEATHERMAN *v.* J. AUSTIN DILLON COMPANY.

*Dillon & Rose,* for plaintiff in error.

*E. A. Wright, Otis L. Hathcock, Frank R. Martin,* contra.

GARDNER, J. The petition as amended alleged in substance that the defendant below, plaintiff in error in this court, hereinafter called defendant, was indebted to the plaintiff below, the defendant in error herein, hereinafter called plaintiff, in the sum of $550 for the burial expenses of the defendant's husband, for that the defendant contracted therefor and agreed to pay for the same. The defendant demurred generally to the petition on the ground that it set forth no cause of action, and specially (a) because the account was not itemized, and (b), on the ground that it was not alleged for whom the services were rendered or by whom ordered, or at whose instance and request they were rendered. The demurrers were renewed to the petition as amended and were overruled. Exceptions pendente lite were filed to the order overruling the demurrers. The case proceeded to trial and a verdict was returned for the plaintiff. A motion for new trial was filed on the general grounds and thereafter was amended setting up six additional grounds, some of which combine and amplify the general grounds, to the effect that the evidence failed to show a meeting of the minds of the plaintiff and defendant sufficiently to constitute a contract. Ground 4 assigns error on the court's refusal to grant a nonsuit.

We will first deal with the special grounds. It is needless to cite authority that it is never error to refuse a nonsuit when the case proceeds to trial and a verdict is returned in favor of the plaintiff. The other grounds of the amended motion are without merit. The evidence for the plaintiff supported the allegations of the petition. A witness for the defendant testified that the services and items alleged in the petition were furnished at the instance and request of the defendant, and "She said she would pay when the funeral was over." The defendant denied this. The jury resolved the issue of fact in favor of the plaintiff and the judge approved the finding.

Counsel for the defendant contends that the estate of the defendant's husband and not the defendant individually is liable for the funeral expenses. Immediately upon the death of the husband the surviving spouse becomes a widow and may enter into a valid contract for the burial expenses of the husband. It is not a debt or security from which the provisions of Code, § 53-503, shield her. Indeed, after such death of her husband, she may legally assume his debts. *Walker* v. *Walker,* 139 *Ga.* 547 (7-a), 549 (77 S. E. 795) ; *Mize* v. *Hawkins,* 54 *Ga.* 500; *Booker* v. *Small,* 147 *Ga.* 566 (2) (94 S. E. 999) ; *Montgomery* v. *Padgett,* 38 *Ga. App.* 389 (2) (144 S. E. 41) ; *Brazell* v. *Hearn,* 33 *Ga. App.* 490 (2) (127 S. E. 479). Counsel for the defendant urges further, that even though the services and articles were rendered at the request of the defendant, since the estate was primarily liable for such, she would not thereby be individually bound, and to sustain this contention cites *Becker* v. *Humphries,* 34 *Ga. App.* 644 (3), 649 (130 S. E. 379), and quotes from the opinion that "The preponderance of authority is to the effect that a mere request by one person to a physician to render services to another, to whom the person making the request is under no obligation to supply the same, will not raise an implied promise in favor of the physician to pay for the services when rendered." There was evidence in the instant case to establish on the part of the defendant an express promise to pay. It was ruled in the *Becker* case that the rule above announced did not apply against an express promise sustained by direct or circumstantial evidence.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JANUARY 30, 1941.