31087. COLLINS *v.* SAM R. GREENBERG & COMPANY.

DECIDED DECEMBER 5, 1945. REHEARING DENIED DECEMBER 19, 1945.

*Richard T. Nesbitt,* for plaintiff in error.
*Kobak, Levy & Buffington,* contra.

FELTON, J. Sam R. Greenberg & Company sued Mrs. Maximo C. Collins to recover on open account for the funeral expenses of her husband, including vault, opening of grave, casket, press notices, etc. The only question in the case is whether the defendant contracted the debt on her own responsibility, and whether she thereby became personally and primarily liable. The jury found for the plaintiff. The defendant's amended motion for new trial was overruled, and she excepted. The defendant in error moved to dismiss the writ of error.

■ The motion to dismiss the writ of error, on the ground that article VI, section II, paragraph 8 of the revised constitution, ratified on August 7, 1945, provides for no appellate jurisdiction of a case tried in the civil court of Fulton County, is denied. Article VII, section X, paragraph 1 of the revised constitution provides in part as follows: "There is also continued under this provision in force and effect, amendments to the constitution of 1877 applicable to counties and cities having a population in excess of a number stated in such amendments, etc., . . . where

such amendments are in force and effect at the time of the ratification of this constitution." Article XII, section I, paragraph 3, of the revised constitution provides: "All laws now of force in this State, not inconsistent with this constitution, shall remain of force until the same are modified or repealed by the General Assembly." The constitutional amendment authorizing the General Assembly to abolish justice courts, etc., in any county in this State having within its borders a city having a population of over twenty thousand, and establish in lieu thereof other courts. (Ga. L. 1927, pp. 117-120), and the act to carry this amendment into effect in the City of Atlanta (Ga. L. 1933, pp. 290-298), authorizing review of cases tried in the municipal court of Atlanta, and the acts amending the same, are still in force and effect under the provisions of the revised constitution above set forth. See *Dillon* v. *Continental Trust Co.,* 179 *Ga.* 198 (175 S. E. 652) ; *Macon Busses Inc.* v. *Dashiell,* 73 *Ga. App.* 108 (35 S. E. 2d, 666).

■ The evidence was in conflict whether the defendant wife of the deceased merely selected the goods and services furnished by the plaintiff, or whether she expressly or by implication undertook to contract for them on her own credit. The evidence showed without dispute that the defendant selected or at least assisted in selecting the goods and services in question. The court charged the jury as follows: '"The plaintiff in this case says that, on the death of the defendant's husband, the defendant in the case came to his place of business and defendant selected a certain casket and certain other services, which they have outlined to you. Plaintiff says that he complied with defendant's request and rendered the service. If you believe that, gentlemen, you would be authorized to bring in a verdict for the plaintiff in the case." We think that this charge was error for the reason assigned. A wife is not liable for her husband's funeral expenses in the absence of a contract binding her personally. 27 Am. Jur. 59, § 460; 41 C. J. S. 533, § 63; 57 A. L. R. 400; 30 A. L. R. 444. A mere request for services or a mere selection of services does not raise an implied promise to pay therefor by the person requesting, unless there is a legal duty or obligation on such person's part to pay therefor. *Becker* v. *Humphries,* 34 *Ga. App.* 644 (3) (130 S. E. 379); *Leatherman* v. *J. Austin Dillon Co.,* 64 *Ga. App.* 314 (13 S. E. 2d, 94). See also, for same principle, *Pafford* v. *Hinson,* 34 *Ga.*

*App.* 73 (128 S. E. 207) ; *Norton* v. *Rourke,* 130 *Ga.* 600 (61 S. E. 478, 18 L. R. A. (N. S.) 173, 124 Am. St. R. 187).

■ There was no error in refusing to give a requested charge which was not adapted to the evidence.

■ The alleged error complained of in special ground 3 will not likely occur on another trial.

The general grounds of the motion for new trial are not passed on.

The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*