33800. KING *v.* DALTON, Administrator, *et al.*

DECIDED MARCH 13, 1952.

642

*F. Kelly McCutchen,* for plaintiff in error.

*Isaac C. Adams,* contra.

GARDNER, P.J.   The consolidated cases were tried together under an agreement as to the salient and controlling facts.   It is contended by the defendant in error Edwards, that the court was right in directing the payment of his claim ahead of that of

the son of the deceased, (1) because the son paid the burial expenses as a volunteer and was not entitled to be reimbursed by the administrator therefor; and (2) that he was entitled to be paid because his claim was based on a balance due on a purchase-money mortgage for land which the deceased had purchased from him. We do not agree with the contention that the son of the deceased paid the burial expenses of his mother as a mere volunteer. When Mrs. King died, it was the moral duty of her son and heir to see that his mother was properly buried. This he did, and in so doing he was performing a duty he owed to her. His mother left an estate, and the evidence shows that this funeral bill was charged, not to the son, but to the estate of the deceased. The funeral bill was paid by the son on October 29, 1948. At that time no administrator had been appointed, and none was appointed until March 9, 1949. The son being an heir of his mother and there being no administrator at that time and the son having a right to order his mother's funeral, he is entitled to be repaid by the estate. See *Kenyon* v. *Brightwell,* 120 *Ga.* 606, 613 (48 S. E. 124). No credit was extended to a third person. The mere fact that C. L. King Jr. ordered his mother's funeral will not, where she left an estate sufficient for that purpose, render him liable therefor; and his subsequent payment of the bill, which was charged to his mother's estate and he being an heir at law with an interest to protect, does not render him liable for the bill nor his payment that of a volunteer. See *Collins* v. *Sam R. Greenberg & Co.,* 73 *Ga. App.* 377, 378 (36 S. E. 2d, 484), and cases therein cited.

But the defendant in error Edwards contends that his claim being for a balance due on a purchase-money mortgage, this entitles him to payment ahead of the claim of the son for burial expenses. Code § 113-1508 (2), entitled "Priority of debts," dealing with the order in which the administrator shall pay the debts of his decedent, provides for the payment of the "funeral expenses." This paragraph of said section immediately follows "year's support" for the family, but is entirely separate and apart therefrom. It is claimed that, under Code § 113-1010, providing that, "Whenever the vendor of land shall make a deed thereto, and take a mortgage to secure the purchase money thereof, neither the widow nor children of the vendee shall be

entitled to a year's support in said land as against vendor, his heirs, or assigns, until the purchase money is fully paid," a purchase-money mortgage secured by lands, even though a second mortgage, should be paid before the funeral expenses. By parity of reasoning, under the ruling of this court in *Warfield & Robinson v. Young*, 20 *Ga. App.* 328 (93 S. E. 28), we cannot agree with the contention of the defendant in error, holder of the second mortgage, conceding it to be truly a purchase-money mortgage. Code § 113-1010 does not attempt or purport to regulate or change the general law as to the priority of the payment of the debts of a deceased person, as set forth in § 113-1508. This section provided for one change in the law only, and that was to make the year's support for the family of the deceased inferior to the claim of a vendor of land sold to the deceased for unpaid purchase money. This statute (Code, § 113-1010) affects property rights and must be strictly construed, and under such a construction it does not amend § 113-1508 except as to the particular therein stated and provided for, which is to make a year's support for the family of a deceased person inferior to the lien or claim of a vendor for the purchase money of land.

The above is determined on the basis that the mortgage of Edwards—which is a second mortgage, and does not show on its face that it is for purchase money of land—comes within the purview of § 113-1010. Mortgages, under the statute, rank sixth in the payment of debts of a deceased.

There is no contention in this court regarding the payment to C. L. King Jr. of the $80 which he paid to the First National Bank on its claim against his mother's estate. It was rightfully paid.

The judgment excepted to, being contrary to the law and the evidence, is set aside and reversed.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*