34959. CALLAWAY v. DuBOSE.
34960. CALLAWAY v. J. AUSTIN DILLON COMPANY.

CARLISLE, J. 1. "Immediately upon the death of the husband the surviving spouse becomes a widow and may enter into a valid contract for the burial expenses of the husband. It is not a debt or security from which the provisions of Code § 53-503 shield her. Indeed, after such death of her husband, she may legally assume his debts. *Walker* v. *Walker,* 139 *Ga.* 547 (7a), 549 (77 S. E. 795); *Mize* v. *Hawkins,* 54 *Ga.* 500; *Booker* v. *Small,* 147 *Ga.* 566 (2) (94 S. E. 999); *Montgomery* v. *Padgett,* 38 *Ga. App.* 389 (2) (144 S. E. 41); *Brazell* v. *Hearn,* 33 *Ga. App.* 490 (2) (127 S. E. 479)." *Leatherman* v. *J. Austin Dillon Co.,* 64 *Ga. App.* 314, 315 (13 S. E. 2d 94).

2. By the terms of section 1 of the act of 1937 (Ga. L. 1937, p. 861; Code, Ann. Supp., § 113-1023), which supersedes Code § 113-1003, it is provided: "Where property is set apart as a year's support for the benefit of the widow alone, she shall thereafter own the same in fee, without restriction as to use, incumbrance, or disposition."

3. Where, from the allegations of two petitions, it appears that the whole of an intestate's estate had been set apart to his widow alone, without objection from the creditors, there being no minor children, and she thereafter paid the funeral expenses of her husband and one of his pre-existing debts, under representations by the creditors that she would be sued for the sums if they were not paid, she may not recover such monies so paid by her, in the absence of fraud or duress, under an application of the principles of law stated in divisions 1 and 2 of this opinion; and the trial court did not err, therefore, in sustaining the general demurrers to the petitions and dismissing them, as neither petition contains sufficient allegations to make out a case of fraud or duress.

*Judgments affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 12, 1954.

*Linus L. Zukas,* for plaintiff in error.
*John E. Dougherty, J. W. Love, E. A. Wright,* contra.