## 1067. MEDLOCK v. WOOD.

1. A joint obligor has the right to require contribution on the part of his co-principals, towards a payment required of him, but for which each obligor is equally liable. Consequently, an action upon a promissory note, brought against two or more defendants as joint makers, can not, without the consent of all the parties, be tried piecemeal; and a showing for continuance which requires a postponement as to one of the joint obligors operates to continue the case as a whole and as to all of the defendants.

2. The answer of a defendant will resist a general demurrer or motion to strike, no matter how defective in some respects the answer may be, if it contains any matter of substantial right which the defendant can properly present by plea. A defendant may show that his admitted liability is only secondary.

3. A notice served upon one joint obligor, to bind him for attorney's fees, is ineffectual for the purpose, unless his co-obligors be likewise served.

Complaint, from Gwinnett superior court—Judge Kimsey. March 7, 1907.

Submitted May 5,—Decided May 18, 1908.

D. K. Johnston for plaintiff in error.

RUSSELL, J. The defendant in error brought suit upon two joint notes, against C. V. Smith and R. O. Medlock. Each of the notes was for $200, and provided for ten per cent. attorney's fees, and was signed by C. V. Smith and R. O. Medlock. Upon the call of the case and upon a showing for continuance, the case was continued as to the defendant Smith. The court, however, refused to continue as to the defendant Medlock, and struck his pleas and directed a verdict against him for principal, interest, and attorney's fees. He excepts to the refusal to continue his case, to the striking of his answer, and to the direction of the verdict against him, as well as to the judgment entered upon the verdict. It appears that both of the defendants pleaded that Medlock was only a security. Smith so pleaded explicitly and amply. The plea of Medlock upon that subject might be subject to special demurrer; though his answer is made "as security," and described his codefendant as principal, and, therefore, would resist a general demurrer or motion to strike.

1. We think the court erred in overruling the plaintiff in error's motion to continue the case. The continuance of the case as to Smith necessarily worked a continuance as to Medlock, and continued the whole case. Even if the defendants' plea that Med-

lock was only a security was not good, and if both signers were
joint principals, it would be improper to render judgment against
one in advance of the other; because such action would tend to de-
feat the equitable right of contribution, on the part of each of
the makers, towards the payment of the judgment. Civil Code,
§3991. But as Smith himself pleaded that Medlock was only
security, and that he was the principal, and as Medlock also
pleaded that he was security only, it might result: (if Smith's
defense upon the trial were sustained) that the judgment ren-
dered against Medlock would proceed against him, and yet he
would be deprived of having any recourse whatever upon Smith
to reimburse himself as security.

The case, therefore, if continued at all, should have been con-
tinued as a whole. Having necessarily been brought as a ·joint
action, it could not be tried by piecemeal, whether Medlock was a
principal joint obligor or a surety only.

2. Our ruling upon the continuance necessarily disposes of
the whole case; but as there must be another trial, we will proceed
to pass upon the other exceptions. The plea of Medlock is not
a good plea for the purpose of raising any issue upon the execution
of the notes, or his indebtedness by reason of having signed the
same. He simply denies that he owes the notes, and this general
denial (as against an unconditional contract in writing, and in the
absence of a plea of non est factum) amounts to no plea at all,
so far as indebtedness is concerned. But although a defendant
does not deny indebtedness, he has the right to show the court
that his obligation is only secondary; and we think that Medlock's
plea (in which he states that Smith is the principal, after describ-
ing himself as security), taken in connection with his codefendant's
plea distinctly alleging that Medlock signed as security only, is
sufficient (in the absence of a special demurrer) to present the
question in the case as a whole, as to whether Medlock is a joint
obligor or a surety only. Even though a plea may be defective,
it should not be stricken on general demurrer, if it sets forth ·as
matter of defense anything which may be of advantage to a de-
fendant, either by decreasing the amount or the character of his
liability.

3. We think the court erred in directing a verdict for attor-
ney's fees. Whether the defendant Medlock is a joint obligor

or only a surety, he can not be held liable for attorney's fees, under the allegations of the present petition. The plaintiff alleges that he gave written notice, as to the attorney's fees, to the defendant Medlock. The petition is silent as to notice to Medlock's codefendant, Smith; and presumptively, therefore, no notice as to attorney's fees was served upon Smith; nor is any reason shown why said notice was not given. Even if it should be found upon the trial hereafter that the defendants are joint obligors, notice to only one of the joint makers would be insufficient to entitle the plaintiff to a judgment for attorney's fees; because it was the duty of the plaintiff to serve both, so that if only one of the defendants paid off the judgment he could call upon his codefendant thereafter for contribution. In the present case, if Medlock should be required to pay attorney's fees, he could not call upon Smith to contribute thereto, as he would have had a right to do if the plaintiff had likewise served notice upon Smith. And he would have been deprived of the right of contribution by the act of the plaintiff. Such apparent partiality can not be countenanced. If the defendants were joint makers, they must be equally liable in all respects. If either defendant is only security for the other, then it is well settled that the liability of the security can not be greater than that of his principal. *Clements* v. *National Bank,* ante, 279 (61 S. E. 146).

The court erred in continuing a part of an indivisible case without continuing all; and all that thereafter transpired was nugatory.

*Judgment reversed.*