## 9425. WILSON v. SWORDS.

The trial judge did not err in directing the verdict; and it was not error to overrule the certiorari.

DECIDED APRIL 12, 1918.

Certiorari; from Fulton superior court—Judge Pendleton. November 19, 1917.

*George B. Rush,* for plaintiff. *Burress & Dillard,* for defendant.

WADE, C. J. Wilson brought bail-trover against Swords for two automobile tires. Swords surrendered the tires to the officer, who took charge of and retained them and was in possession thereof at the time the case came to trial. ·After the plaintiff had introduced evidence and rested his case, a motion for nonsuit was made; and thereupon the suit was voluntarily dismissed by the plaintiff, and the court, on motion of the defendant, then directed a verdict in his favor and against the plaintiff for the sum of $20, the proved value of the property as shown in the petition and by the evidence for the plaintiff.

"Where, in such a proceeding, the plaintiff has given no replevy bond, and the defendant has delivered property into the hands of the sheriff, and has been thus deprived of its use and possession until the trial of the trover suit, and the plaintiff fails in his suit or voluntarily dismisses it, the defendant is not driven to the necessity of suing the plaintiff. to recover the damages which may have accrued to him from having been deprived of the use and possession of his property at the instance of the plaintiff, but is entitled in that proceeding to have either a writ of restitution for the property and its hire, or a fieri facias, if he so elects, for its value." *Underwood Typewriter Co.* v. *Veal,* 12 *Ga. App.* 11 (76 S. E. 645). Under the ruling in the case just cited, the trial judge did not err in directing the verdict; nor did the judge of the superior court err in overruling the certiorari.

\ *Judgment affirmed. Jenkins and Luke, JJ., concur.*

### ON MOTION FOR REHEARING.

PER CURIAM. In the motion for a rehearing it is insisted that the decision in *Underwood Typewriter Co.* v. *Veal* (supra) is not authority for the ruling made in the instant case, since the sole point at issue under the facts stated in that case was whether the defendant was entitled to a money verdict *for the hire* of a typewriter during the time it was in the possession of the sheriff, and the question whether a money verdict *for the value* of the machine might be rendered in such a proceeding and under the circumstances stated was' not before the court; and consequently the statement made in the opinion in that case that the defendant in such an action and under the circumstances stated would be entitled "to have either a writ of restitution for the property and its hire, or a fieri facias, if he so elects, for its value," was altogether obiter so

far as the reference therein to the right of the defendant to re-cover the *value* of the property was concerned. Regardless of whether the ruling in *Underwood Typewriter Co.* v. *Veal,* was obiter, so far as it related to a recovery by the defendant of the value of property involved in the trover action, it is enough to say that this court concluded that the ruling made in the case re-ferred to was correct, and adopted it as the law of this case, in which the point *is* directly involved. While it is important and helpful to have authority for rulings adopted by this court, it is within its power to make precedents, where there is none to the contrary in any decision of the Supreme Court of this State; and the absence of any controlling precedent from that court or this court will not prevent the adoption of obiter rulings which appear to us to be legally sound.

*Rehearing denied.*