## 12524. ROBERTS v. WILLYS-OVERLAND INCORPORATED.

The petition as amended did not set out a cause of action, and the court properly dismissed it on general demurrer.

DECIDED JULY 26, 1921.

Action for damages; from Fulton superior court — Judge Pendleton. April 26, 1921.

Miss Leila Roberts sued Willys-Overland Incorporated for damages, and in her petition alleged substantially the following facts: that on May 15, 1920, she purchased from the defendant an automobile, for which she paid in cash certain sums of money, and signed certain papers promising to pay other sums; that the defendant induced her to do this by certain representations and agreements, which it failed to carry out, and which she later found to be false and fraudulent; that in the writing which she had been induced to sign the defendant reserved title to the automobile until payment of all the sums stipulated to be paid, and on her failure to make the payments the defendant had the right to sue in " trover " for the recovery of the automobile, although the plaintiff in a court of equity would have had the right to have the whole transaction set aside because of defendant's fraudulent representations; that when the plaintiff failed to make certain payments as stipulated in the contract, instead of filing " merely a suit in trover " for the recovery of the property, the defendant instituted a bail-trover proceeding, making the necessary affidavit for that purpose, and as a result of said proceeding the plaintiff was, on October 28, 1920, arrested by the marshal of the municipal court of Atlanta, taken in custody, and held for several

hours, subject to the gaze of the public; that plaintiff would not have been arrested had the defendant been sued in trover instead of bail-trover; that the affidavit made in the bail-trover proceeding was maliciously and wilfully issued and was absolutely false, and was made for the sole purpose of humiliating the plaintiff; that the plaintiff is a woman fifty years of age, has resided in the city of Atlanta for a number of years, owns certain property, is highly respectable, and has never been arrested or held in custody before; that the property was not likely to be eloigned or moved away, and this fact was well known to the defendant; that by reason of the above-stated acts, which were malicious and unwarranted, plaintiff has been damaged in the sum of $10,000; that there were two alternatives whereby the plaintiff could have prevented the arrest, to wit, by giving bond for the forthcoming of the property or by surrendering possession of the same, but because certain parties were at the time of her arrest out of the city she could not give the required bond, and that she was unable to surrender the automobile, because it was in a garage undergoing repair.

The defendant filed a general and special demurrer to the petition, and, upon the hearing of the demurrer, the plaintiff filed an amendment, in which she alleged that the damages claimed were for the malicious abuse of legal process. After allowing this amendment the trial judge sustained the general demurrer; and to this ruling the plaintiff excepted.

*J. Walter LeCraw, Fred. E. Harrison,* for plaintiff.

*Brandon & Hynds, Virlyn B. Moore,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) Although the plaintiff, by amendment, alleged that her cause of action was for the malicious abuse of legal process, it is very uncertain from the facts set forth in the petition whether she based her action upon the malicious use or the malicious abuse of legal process. However, in either event, the judge properly sustained the defendant's general demurrer, since the facts alleged, when construed, as they must be, most strongly against the pleader, fail to show either a malicious use or a malicious abuse of legal process.

"Malicious use of legal process is where a plaintiff in a civil proceeding employs the court's process in order to execute the

object which the law intends for such a process to subserve, but proceeds maliciously and without probable cause. In a suit for damages growing out of such malicious use of process, it must appear that the previous litigation has finally terminated against the plaintiff therein." "Malicious abuse of legal process is where a plaintiff in a civil proceeding wilfully misapplies the process of a court in order to obtain an object which such a process is not intended by law to effect. In a suit for damages growing out of such a perversion of the court's process, it is not necessary to show that the former litigation was without probable cause, or that it terminated prior to the institution of the suit for damages." *McElreath* v. *Gross, 23 Ga. App.* 287 (98 S. E. 190). See also *Georgia Loan & Trust Co.* v. *Johnston,* 116 *Ga.* 628 (43 S. E. 27), and *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 276, 281 (62 S. E. 222), and cases cited. In the instant case the facts alleged were legally insufficient to constitute a cause of action for malicious use of process, since it was not alleged in the petition that the previous litigation had finally terminated against the plaintiff therein. Neither did the petition set out a cause of action for malicious abuse of process, since the facts alleged therein were legally insufficient to show that the bail-trover proceeding was wilfully misapplied or perverted to some use which the law did not intend that such a process should subserve. The petition admits that the title to the automobile was in the plaintiff in the trover proceeding, and that it had the right to sue petitioner in trover. The petition contains also an allegation that the plaintiff could have escaped arrest by either giving bond or surrendering the property, and the allegations as to why she did not take advantage of this right are wholly insufficient to constitute a legal excuse for her failure to do so. The purpose of a bail-trover proceeding is to require the defendant to give bond for the forthcoming of the property, and the facts alleged in the petition fail to show that the proceedings in the instant case were instituted for any other purpose.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*