17986. ROBINSON *v.* COMMERCIAL CREDIT COMPANY.

An action for malicious abuse of process is maintainable only where the process is misapplied in order to effect an object which the law does not intend it to effect; and, the legitimate purpose of bail process in trover being to require a forthcoming bond for the property in question or imprisonment of the defendant until the property shall be pro-

Malicious Prosecution, 38 C. J. p. 384, n. 37.
Process, 32 Cyc. p. 542, n. 88, 93 New; p. 543, n. 2, 3; p. 544, n. 11.
Replevin, 34 Cyc. p. 1399, n. 30.

duced or bond given, abuse of process was not shown by· allegations to the effect that bail process in trover was sued out to recover an automobile to which the plaintiff therein claimed title, and that the purpose for which the process was sued out was not to recover the property, but to collect a balance due on the automobile, and that the defendant therein, by reason of his inability to give security as provided by law, was arrested and held in jail until payment of the balance due.

Malicious use, as distinguished from malicious abuse, of legal process is not shown without an allegation of want of probable cause for the proceeding.

The court did not err in sustaining a general demurrer to the petition.

DECIDED OCTOBER 14, 1927.

Action for damages; from city court of Atlanta—Judge Dorsey. January 31, 1927.

*Jones & Morris,* for plaintiff.

*Martin, Martin & Snow, William T. Dean,* for defendant.

JENKINS, P. J.   The plaintiff brought suit for damages on account of an alleged "malicious use or abuse of process" in the maintenance of an action in bail-trover against him by the present defendant.   The petition was not specially demurred to as being duplicitous, but it appears from the certificate of the judge in the present record that the plaintiff admitted in open court that he did not claim a right of action for malicious use of process, but relied exclusively upon the claim of a malicious abuse of process in the maintenance of the trover proceeding.   It is alleged by the petition in the present suit that the present defendant sued out bail-trover process against the plaintiff, to recover a certain automobile to which it claimed title, and that such process was sued out, not for the purpose of recovering the property, but for the purpose of "collecting the balance due on said automobile;" and that the present plaintiff, by reason of his having been unable to give security as provided by law, was arrested under the bail-trover proceeding and held in jail until he paid the balance due.

The allegations of the petition did not set forth an abuse of legal process.   Malicious abuse of legal process is where the plaintiff in a civil proceeding wilfully misapplies the process of the court in order to obtain an object which such a process is not intended by law to effect, as contradistinguished from malicious use of process, where the plaintiff in a civil proceeding employs the court's process in order to execute an object which the law intends such a process to subserve, but proceeds maliciously and

without probable cause. *McElreath* v. *Gross*, 23 *Ga. App.* 287 (98 S. E. 190); *Roberts* v. *Willys-Overland Inc.*, 27 *Ga. App.* 304, 305 (108 S. E. 138). In the instant case it does not appear that in the trover proceeding the court's process was misapplied in order to obtain an object which such a process is not intended by law to effect, since "the legitimate purpose of making an affidavit to require bail in an action to recover personal property is to require bond to be given for the forthcoming of the property to answer such judgment, execution, or decree as may be rendered or issued in the case, or, on failure thereof, to have the officer seize the property, or, if it is not to be found, to have the defendant committed to jail until the property shall be produced or bond be given, unless the defendant shall be released without security." *Brantley* v. *Rhodes-Haverty Furniture Co.*, 131 *Ga.* 276, 281, 282 (62 S. E. 222). The fact that the petition in the present suit may indicate that the defendant in the trover action wrongfully disposed of the property belonging to the plaintiff in that case, prior to that action, merely shows a conversion such as would dispense with a demand and refusal; and the plaintiff in trover was not precluded thereby from claiming title to the property sued for, or from resorting to the remedy given him by law to recover his property. The petition for damages, as amended, does not indicate that the conversion of the property by the defendant in trover was made with the consent of the plaintiff in trover; but even if such an allegation had been made, its effect would have been merely to indicate a lack of probable cause for instituting the trover proceeding, and not that the process was being subverted to an illegal and improper purpose. The ruling relied upon by the plaintiff in error in the instant case, as made by the Supreme Court in the *Brantley* case, supra, in which an action for malicious abuse of legal process was upheld, is based upon its having been made to appear that the bail-trover proceeding was there employed, not for the purpose of obtaining security as provided by law, but for the purpose of compelling the defendant to enter into a new and different contract in regard to the payment of the debt, by giving up other security as a pledge therefor, in order to avoid the penalties of the bail-trover process. It was this perversion of the process to a use and a purpose which

the law did not intend that it should subserve which rendered the proceeding an. abuse of legal process.

The court did not err in sustaining the general demurrer to the plaintiff's petition.

*Judgment affirmed. Stephens and Bell, JJ., concur.*