27829, 27830. DAWSON PRODUCTION CREDIT ASSOCIATION<br>v. CONNELLY; and vice versa.

BROYLES, C. J. 1. "The answer of a defendant will resist a general demurrer or motion to strike, no matter how defective in some respects the answer may be, if it contains any matter of substantial right which the defendant can properly present by plea." *Tuxworth* v. *Barber*, 21 *Ga. App.* 748 (94 S. E. 1042), and cit.

2. "The refusal to strike the whole *or a portion* of a special plea on demurrer thereto is not cause for a new trial when the entire plea and the particular portion referred to contain *some* allegations which are good in law as a defense against the action, although *in other respects* the plea is defective and insufficient." (Italics ours.) *Treadaway* v. *Richards,* 92 *Ga.* 264 (18 S. E. 25).

3. Applying the foregoing ruling to the pleadings in the instant case, the refusal of the court to strike, on the motion of the plaintiff, paragraphs 7 and 9 of the answer, in their entirety, was not error. Those paragraphs, while possibly subject to special demurrer, were good as against a general demurrer or a motion to strike.

4. The evidence, while conflicting, authorized the verdict for the defendant.

5. The special grounds of the motion for new trial are based solely upon certain excerpts from the charge of the court. Some of these excerpts, when considered alone, may be subject to criticism; but, when viewed in the light of the entire charge and the facts of the case, none of them shows cause for a reversal of the judgment.

6. The refusal to grant a new trial was not error.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 14, 1940. REHEARING DENIED MARCH 30, 1940.

*Joe M. Ray, Olin Hammock,* for plaintiff.
*T. T. Molnar,* for defendant.

