### 35376.   McLAURIN *v.* HENRY.

DECIDED OCTOBER 19, 1954.

*Hull, Willingham, Towill & Norman,* for plaintiff in error.
*Samuel E. Tyson,* contra.

Townsend, J. ■ The sole question for decision here is whether, in a bail-trover proceeding in which the sheriff has seized the property under bail process and neither the plaintiff nor the defendant has replevied it, so that it remains in custodia legis until the final disposition of the case, and on the trial thereof judgment is entered for the plaintiff for the property and its hire from the date of conversion to the date of levy, such judgment is erroneous insofar as it disallows to the plaintiff hire between the date of levy and the termination of the case.

Under Code § 107-105, the plaintiff, upon the trial of the case, may elect a verdict (a) for the damages alone, or (b) for the property alone and its hire, if any, or (c) for the value of the property. Under Code § 107-202, the defendant may, by giving bond in double the amount of the sworn value of the property, retain it in his possession, or, if he does not give bond and the sheriff seizes the property, the plaintiff, under Code § 107-203, may give a like bond and gain its possession. Under section 107-209, when the plaintiff has replevied the property and on the trial of the case fails to recover or dismisses his petition, the defendant has the same remedy, that is, of recovering the property and its hire or the sworn value thereof according to the petition. The law thus "entertains an impartial reciprocity of protection" as to the rights of the plaintiff and defendant in bail-trover proceedings. *Trammell* v. *Georgia Engineering &c. Co.*, 8 *Ga. App.* 501 (1) (69 S. E. 921). In *Mallary Bros. & Co.* v. *Moon*, 130 *Ga.* 591, 593 (61 S. E. 401), it was held that the statute allowing the plaintiff to require bail is one of which he may take advantage or not at his election, but the bettering of his security by so doing is not an election to accept the security in satisfaction, and the recognizance should not be deemed a substitute for the property. From this it should be concluded that, under the doctrine of reciprocity of protection, a recognizance given by either party should not be deemed a substitute for the property, and the giving or not giving of a bail bond should not affect the rights of the parties as to other features of the case. (This is not to say that one party to a bail-trover suit who actually had the property in possession would not be estopped to claim hire during such period, just as, in the case of *Mallary Bros. & Co.* v. *Moon*, supra, one who dis-

poses of the property pending the proceedings is estopped to elect a money judgment thereon.)

As to the right to hire while the property in litigation is in the hands of the sheriff, neither party having elected to replevy, it was held in *Underwood Typewriter Co.* v. *Veal,* 12 *Ga. App.* 11 (76 S. E. 645), that where the right to elect was in the defendant, the plaintiff having dismissed his suit after the levy, the defendant is entitled to hire during the time the articles were in the sheriff's possession, the court stating: "Manifestly, it makes no difference to the defendant whether the property which has been seized and taken from his possession remains in the custody of the law or is replevied by the plaintiff. In either event the defendant is deprived of the possession of his property, and it is the intention of the law to make the plaintiff compensate him for damages arising by reason of such deprivation; and the reasonable measure of such damages is the rental, or hire value, of the property in question." See also *Kennedy* v. *Linder,* 168 *Ga.* 247 (147 S. E. 64); *Wilson* v. *Swords,* 22 *Ga. App.* 233 (95 S. E. 1013). Accordingly, again applying the doctrine of reciprocity of protection, it follows that the plaintiff is likewise entitled, when he prevails in the case, and when he elects to take the property and its hire, to receive hire during the entire period of time between the conversion and the verdict, including that period of time during which the property was in the sheriff's hands.

Code § 6-1610 provides in part: "It shall be within the power of the appellate court to award such order and direction to the cause in the court below as may be consistent with the law and justice of the case." There being here no exception as to any issue of fact, and no exception as to any error of law which would affect the judgment rendered insofar as the primary issues of the case are concerned (that is, the plaintiff's right to the property, the plaintiff's right to hire for whatever period of time he is entitled to under the law, and the defendant's right to the amount found in his favor as a setoff)—this court has the power and duty to direct such disposition of the case as will serve the ends of justice and avoid unnecessary litigation. *Finley* v. *Southern Ry. Co.,* 5 *Ga. App.* 722 (1) (64 S. E. 312); *Langston & Co.* v. *Neely Co.,* 8 *Ga. App.* 67 (68 S. E. 559).

Accordingly, the judgment is affirmed with direction that the judge of the trial court, within ten days of the receipt of the remittitur from this court by the trial court, amend the judgment by adding to the amount recovered by the plaintiff as hire, additional amounts of rental at the rate found by the court, $75 per month, covering the period of time between the levy and the trial of the case.

*Judgment affirmed with direction. Gardner, P. J., and Carlisle, J., concur.*