18814. MATHIS *v.* LATHROP'S HATCHERY, INCORPORATED.

WYATT, Presiding Justice. Lathrop's Hatchery, Incorporated, filed suit against Clyde Mathis, doing business as Gainesville Brokerage Company, seeking to recover on an alleged account. The suit was for the recovery of $4,484.90, represented by a check given by Mathis for $3,637 as payment for a shipment of eggs made to him by the defendant

in error on June 10, 1953, which check was dishonored upon presentation for payment to the bank upon which it was drawn; and another shipment of eggs delivered on June 17, 1953, amounting to $846.40, which have not been paid for. The plaintiff in error filed his answer and setoff in two counts. Count one sought damages against Lathrop's Hatchery, Incorporated, for breach of warranty. Count two sought damages for alleged malicious use of process or malicious abuse of process. A demurrer to count two was sustained, and this portion of the answer was stricken. The case proceeded to trial before a jury, and, after evidence was introduced, the jury returned a verdict in favor of the defendant in error. Plaintiff in error filed a motion for new trial on the general grounds and amended by adding four special grounds. The motion for new trial was denied. The exceptions here are to the sustaining of the general demurrer to count two of the answer and to the judgment denying the motion for new trial. *Held:*

1. Plaintiff in error contends that it was error to sustain a general demurrer to count two of his answer because, under Code § 37-308, he should be permitted to set off his damages for malicious use of process or malicious abuse of process against the claim of the defendant in error, for the reason that defendant in error is a nonresident and has no property in this State. While the Code section above cited does give a right to set off a claim arising ex contractu against a claim arising ex delicto when there is some equitable reason for doing so, and while this rule might apply under the circumstances of this case, this argument misses the point. In the instant case, the allegations of count two of the answer do not set out a cause of action at all. If the allegations of count two of the answer be considered as attempting to set out a cause of action for malicious use of process, it is defective because it is not alleged that the suit has terminated in favor of plaintiff in error. See *Marshall* v. *Armour Fertilizer Works*, 24 *Ga. App.* 402 (100 S. E. 766). If, on the other hand, it be considered as an attempt to set out a cause of action for malicious abuse of legal process, it is defective because there are no allegations that the process was for an unlawful purpose or used for a purpose not intended by law. See, in this connection, *Ellis* v. *Millen Hotel Co.*, 192 *Ga.* 66 (14 S. E. 2d 565); *Davison-Paxon Co.* v. *Walker*, 174 *Ga.* 532 (163 S. E. 212); *Clement* v. *Orr*, 4 *Ga. App.* 117 (60 S. E. 1017). It follows, therefore, there was no error in the judgment sustaining the general demurrer to count two of the answer.

2. In so far as the general grounds of the motion for new trial are concerned, it is sufficient to say that the evidence was in conflict as to all material issues. In such a case, the findings of the jury will not be disturbed by this court.

3. Ground four of the amendment to the motion for new trial is simply a repetition of the questions raised in the general demurrer, and is controlled by the rulings made in division one above.

4. Ground five of the amendment to the motion for new trial complains of a quoted excerpt from the charge of the court. It is contended that there was no evidence to authorize the charge, and that the excerpt confused and misled the jury. We have carefully read the charge of

322

the court, and considered the excerpt complained of and find that it is not subject to the criticism made of it.

5. Special grounds six and seven of the amendment to the motion for new trial cannot be considered by this court, for the reason the judge of the court below did not unconditionally approve these grounds, but appended a qualifying statement which refers to the general charge and to colloquy of counsel. See, in this connection, *Gray* v. *Junction City Mfg. Co.*, 195 *Ga.* 33 (22 S. E. 2d 847).

6. It follows from what has been said above, there was no error in the rulings complained of.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 10, 1955—DECIDED FEBRUARY 14, 1955.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.
*Emory F. Robinson, Wheeler, Robinson & Thurmond,* contra.