35732. GOODWIN *v.* CANDACE, INC., *et al.*

Decided July 11, 1955—Rehearing denied July 23, 1955.

*George Starr Peck*, for plaintiff in error.

*John L. Westmoreland, John L. Westmoreland, Jr., Claude Ross*, contra.

QUILLIAN, J. In this opinion the plaintiff in error Mrs. Helen R. Goodwin will be referred to as the plaintiff, and the defendants in error as the defendant when reference is made to them both; when discussing matters pertaining to them separately they will be designated as the defendant cemetery company and the defendant bank.

The Supreme Court in *Westview Corporation* v. *Alston*, 208 *Ga.* 122 (65 S. E. 2d 406) held that a deed identical with the deed attached as an exhibit and made a part of the petition in this case gave the Westview Corporation, predecessor to the defendant Candace, Inc., the right to level grave markers in West View Cemetery flush with the ground and to remove shrubbery and plants from cemetery lots. The question of liability for removal of the flowers and shrubs is clearly precluded by the Supreme Court's holding.

The plaintiff contends that the holding of the Supreme Court that the cemetery authorities had the right to require the markers

on the lots in the cemetery to be flush with the ground, did not apply to the mounds above the graves of her husband and mother, and that she had a right to recover on account of the defendants leveling the mounds flush with the surface of the lot.

The plaintiff predicates this contention on two theories: that the mounds were not "markers" and that they themselves being earth could not be said to be above the earth.

The latter contention is not sound because it is obvious from the language of the deed that it referred to the surface of the earth in its natural state.

The first position is without merit. Webster's International Dictionary defines the word "marker" as that which indicates a location, and the word "mark" as a "marker." Common usage has adapted the word "marker" to graves. Moreover, the petition refers to the mounds as "the only markers" of the graves, and alleges that they were the only means whereby petitioner knew the exact location thereof. In *Beverly* v. *Observer Publishing Co.*, 88 *Ga. App.* 490 (4) (77 S. E. 2d 80) it is said: "Code (Ann.) § 105-2002 provides: 'In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff.' The proper construction of this Code section is that punitive damages may be awarded as damages *additional* to such as may be primarily recovered in a pending tort action. There must be a right under the pleadings and evidence to recover general, nominal, or special damages. Otherwise, punitive damages could not and would not be *additional*."

In the present case no cause of action for the recovery of general, special or nominal damages was set forth in the plaintiff's petition, consequently there could be no recovery of additional damages.

But if the rule were otherwise the facts relied upon to show an aggravation of the alleged wrong are not sufficient for that purpose.

The Supreme Court held in *Westview Corporation* v. *Alston*, supra, that the defendant was under no duty to furnish the plaintiff water from its hydrant.

In reference to the allegations that the defendants prohibited the plaintiff from planting and digging on the lot, it must be observed that, under the provisions of the deed, the plaintiff did not have the right to do such work except by permission of the cemetery superintendent. The petition does not allege she obtained his permission. Moreover, if it had been the legal right of the plaintiff to plant and dig on the lot, if the defendants merely prohibited her from exercising that right, without restraining or preventing, she would not have been compelled or obliged to obey the defendants' orders. Consequently, the mere ordering her not to do an act which she had a legal right to do, without more, would have amounted to nothing, and proof of that fact served neither as the basis of an action nor as the aggravation of any tort the petition undertook to allege.

The placing of the signs and the posting of the notices on the lot might under some circumstances have been in the nature of a desecration of the burial place, depending upon the language in which such signs were couched. It does not appear from the petition that the signs were unsightly, of an offensive nature, or that they amounted to more than a polite assertion of the rule in reference to work being done on the lot only by permission of the cemetery superintendent, to which rule the defendant had acceded by accepting the deed.

Consequently, posting the signs and notices cannot be held to have been an aggravating circumstance within the meaning of Code § 105-2002.

If, under the deed previously referred to, it was the duty of the defendant cemetery to mow the grass on the plaintiff's lot, so far as is made to appear by the allegations of the petition, failure therein amounted to no more than mere neglect to perform a contractual obligation, wholly disassociated with the leveling of the graves and removal of flowers and shrubs from the plaintiff's lot.

The plaintiff insists that since the defendant Fulton National Bank did not renew its demurrer after amendments to the petition were allowed, the right to insist upon the demurrer was waived by defendant.

The amendment did not materially aid or strengthen the cause of action, and the petition was as much subject to the bank's gen-

eral demurrer after it was filed as before. In *Horton* v. *Walker*, 204 *Ga.* 319 (2) (49 S. E. 2d 900) it was said:" 'An amendment, to be material within the rule that a demurrer to a pleading does not without more cover the pleading after it has been amended in a material respect, is one that materially aids and strengthens the cause of action, or the defense, contained in such pleading.' *Davis* v. *Aultman,* 199 *Ga.* 129 (1) (33 S. E. 2d 317). The amendment in the instant case supplied deficiencies in the original petition, and thus strengthened the cause of action; and the materiality of the amendment may be illustrated by the fact that counsel for the plaintiff in error in his brief contends that the general demurrer should have been sustained because of certain facts not contained in the original petition, which the allegations of the amendment supplied."

The demurrer filed by Candace went to the substance and merit of the whole petition and challenged the right of the plaintiff, under its allegations, to recover on the cause of action it attempted to set forth. The demurrer inured to the benefit of both the defendants. *Benson* v. *Lewis,* 176 *Ga.* 20 (2) (166 S. E. 835).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*