19262. ALEXANDER v. CITIZENS & SOUTHERN NATIONAL BANK *et al.*

DUCKWORTH, Chief Justice. 1. A private citizen may not sue a municipality as a citizen and taxpayer unless he shows peculiar and special interest not shared by the general public. *Perkins* v. *Mayor &c. of Madison,* 175 *Ga.* 714 (165 S. E. 811).

2. There are no exceptions to the following Code sections: Code § 40-1610; Code, Ann. Supp., §§ 40-1618, 40-1619 (Ga. L. 1943, pp. 284, 287); Code § 24-2908 (5), designating who may bring a suit in behalf of the State, and an individual can not sue in his own name for the use and benefit of the State. *Peeples* v. *Byrd,* 98 *Ga.* 688, 697 (25 S. E. 677).

3. Accordingly, the present petition brought by Mr. Alexander as a citizen and taxpayer, and suing for the use of the State, to enjoin the City of Savannah and others from changing the structure upon a lot in the city, leasing the same, and to recover $100,000 damages for the use of the State, being dependent upon the petitioner's right so to sue, was fatally

defective, and the court did not err in dismissing the same on general demurrer.

4. The counter suit of one of the defendants, seeking damages against the petitioner for "malicious abuse of process", was fatally defective, in that no abuse of process whatever is shown. 72 C. J. S. 1187-1190, §§ 119, 120; 1 Am. Jur. 178, §§ 5, 6; *Davison-Paxon Co.* v. *Walker,* 174 *Ga.* 532, 534-539 (163 S. E. 212); *Ellis* v. *Millen Hotel Co.,* 192 *Ga.* 66, 69 (14 S. E. 2d 565). But even a good case for abuse of process could not be set up as a cross-action. See *Ellis* v. *Millen Hotel Co.,* 192 *Ga.* 66, supra; *Werk* v. *Big Bunker Hill Mining Corp.,* 193 *Ga.* 217 (17 S. E. 2d 825). The court, therefore, erred in the judgment overruling the plaintiff's demurrer to the defendant's cross-action, pleading abuse of process.

5. For reasons stated above, the judgment sustaining the defendants' demurrers to the amended petition must be affirmed, but the judgment overruling the plaintiff's demurrer to the counter-action for damages is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED FEBRUARY 14, 1956—DECIDED MARCH 12, 1956.

*H. A. Alexander, James A. Branch,* for plaintiff in error.
*Douglas, Adams & Adams, Corish & Alexander, Grady L. Dickey,* contra.