### 37675. DAVIS *v.* PAULK.

TOWNSEND, Judge. "The prosecution of a civil action maliciously and without probable cause gives rise to a cause of action for malicious use of process only when 'the person of the defendant was arrested or his property attached, or some special damage was done to him.' *Mitchell* v. *Southwestern R.,* 75 *Ga.* 398 (3); *Woodley* v. *Coker,* 119 *Ga.* 226 (46 S. E. 89); *American Wholesale Corporation* v. *Kahn,* 42 *Ga. App.* 411 (156 S. E. 324); *Slater* v. *Kimbro,* 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. Rep. 19); *Stewart* v. *Mulligan,* 11 *Ga. App.* 660 (75 S. E. 991); *Haverty Furniture Co.* v. *Thompson,* 46 *Ga. App.* 739 (169 S. E. 213); *Swain* v. *American Surety Co.,* 47 *Ga. App.* 501 (171 S. E. 217) . . . In the *Swain* case, supra, the Court of Appeals . . . ruled: '. . . Expenses incurred by the defendants in making preparation to defend the suit, . . . and damages for embarrassment, mortification, humiliation, and being "held up to public scorn and ridicule," are expenses and damages resulting from the institution of all suits prosecuted to recover for like causes of action, and do not constitute any special damage or injury not necessarily resulting from the prosecution of the suit for like causes of action.' " *Jacksonville Paper Co.* v. *Owen,* 193 *Ga.* 23, 24 (17 S. E. 2d 76). In *Dixie Broadcasting Corp.*

v. *Rivers,* 209 *Ga.* 98 (6) (70 S. E. 2d 734), it was held that an action for malicious use of process where neither the person of the defendant was arrested nor his property attached, allegations relating to libelous averments injurious to reputation would not constitute such special damage as would support the prosecution of the action. It follows that in this case, a suit for malicious use of process in a civil case where the person of the defendant was not arrested or his property attached, and where the only damages sought are damages to the credit reputation of the plaintiff in this action, mental anguish which "impaired his earning capacity and caused him to suffer loss of sleep" and damage to the reputation of the plaintiff, his wife and family, no special damages are alleged such as would support the action, for which reason the trial court did not err in sustaining the general demurrer and dismissing the petition.

This case seems to be controlled in principle by the *Rivers* case, which was a decision by a divided bench, four justices enunciating the rule here expressed and three joining in a dissent insisting that the rule as set out by the majority was inapplicable to that case. Although by a divided bench, the decision of the Supreme Court in the *Rivers* case is nevertheless a binding precedent on this court. *State Highway Dept.* v. *Wilson,* 98 *Ga. App.* 619 (1) (106 S. E. 2d 544). The plaintiff in error, no doubt recognizing that this court is thus bound, first asked this court to certify the question, but thereafter withdrew his request, probably in view of *Cargile* v. *State,* 194 *Ga.* 20 (1) (20 S. E. 2d 416), which holds as follows: "The decisions of the Supreme Court shall bind the Court of Appeals as precedents, and the Court of Appeals is not authorized by the constitutional provision permitting that court to certify questions of law to the Supreme Court to request a review by the Supreme Court of a decision rendered by the Supreme Court. Such a request must be declined."

We have thus decided this case in accordance with the *Rivers* case, supra, although we recognize that, due to the nearly equal division of the Supreme Court in that case, the question is a close one, and that, the personnel of the Supreme Court having changed since the *Rivers* decision was handed down, there is some probability of a reversal on certiorari.

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 18, 1959 —
REHEARING DENIED MAY 25, 1959.

*G. Gerald Kunes,* for plaintiff in error.

*R. R. Forrester, Eberhardt, Franklin, Barham & Coleman,
H. C. Eberhardt,* contra.