## 22420. DOUGLASVILLE LOAN COMPANY v. BOWEN.

DUCKWORTH, Chief Justice. This action is one for damages and receivership arising out of an alleged malicious abuse of process "sued out for a purpose not intended by the law to be effected thereby, but for the sole purpose of injuring this petitioner by unlawful and illegal arrest and imprisonment, and while thus illegally imprisoned and with no knowledge whatsoever of the pending of such action, to enter up a judgment against him." The allegations show that a bail trover suit was brought against the petitioner to recover certain personal property allegedly in his possession and control, the summons issued, he was arrested and incarcerated for some 15 days by a certain constable, and no copy of summons or other pleadings were served upon him in any manner, and he had no knowledge of any action pending against him, and a money judgment was rendered against him in favor of the defendant in this suit after which he was released by writ of habeas corpus. Since the allegations fail to show a malicious proceeding without probable cause and that the litigation finally terminated against the defendant, no malicious use of process is alleged. *Brantley v. Rhodes-Haverty Furniture Co.*, 131 Ga. 276, 281 (62 SE 222); *McElreath v. Gross*, 23 Ga. App. 287 (98 SE 190). But the allegations of the petition are mere conclusions of a malicious abuse of process rather than use since it is alleged that the proceeding was "sued out for a purpose not intended by the law" and the constable misapplied the law by placing the plaintiff under arrest presumably without allowing him to give security or produce the

personal property since he alleges that he was not advised of the proceeding against him, why he was arrested, and not served and "had no knowledge of any action pending against him." While these allegations might allege a malicious abuse of process against the constable, they fail utterly to show any collusion or conspiracy between the officer and the defendant, or to show allegations of fact that this defendant was responsible for any misapplication of the court's process. *Brantley v. Rhodes-Haverty Furniture Co.*, 131 Ga. 276, supra; *King v. Yarbray*, 136 Ga. 212 (71 SE 131); *Davison-Paxon Co. v. Walker*, 174 Ga. 532 (163 SE 212); *Mathis v. Lathrop's Hatchery, Inc.*, 211 Ga. 320 (85 SE2d 764); *Alexander v. Citizens & Southern Nat. Bank*, 212 Ga. 295 (92 SE2d 16). The petition further alleges that the petitioner obtained his release by habeas corpus based on the fact that a money judgment had been obtained in the trover action and the defendant intervened in the habeas corpus suit and threatened to again take out another bail trover action—all of which does not involve malicious abuse of the process here taken. The demurrer was good, since (1) the petition did not show a cause of action for malicious abuse or use of a civil action by the petitioner, and (2) did not show grounds for receivership. The court erred in overruling the demurrer to the petition.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 9, 1964—DECIDED APRIL 9, 1964.

A. H. Leatherwood, Sr., for plaintiff in error.
Otis L. Davis, contra.