## 44989. METRO CHRYSLER-PLYMOUTH, INC. v. PEARCE.

SUBMITTED JANUARY 8, 1970—DECIDED MAY 29, 1970.

*Levine & Cohn, Morton P. Levine, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr.,* for appellant.
*Scott Walters, Jr.,* for appellee.

EBERHARDT, Judge. ■ Assuming, without deciding, that the condition attached to the acceptance of the order was sufficiently definite to be enforceable and that, as contended by appellant, it meant a credit rating satisfactory to appellant, the appellant was nevertheless not entitled to a summary judgment, as the evidence did not demand a finding in the appellant's favor on the only theory advanced, that is, that appellant was authorized to rescind the contract because the condition of acceptance had not been met.

■ The burden was upon the plaintiff, it being the movant in the motion for summary judgment, to prove its right to repossess the vehicle, even though it had title thereto. The evidence is undisputed that all payments had been tendered and refused. The evidence is undisputed that appellant's salesman and manager reported to the appellee that his credit rating was satisfactory, pursuant to which the final papers were executed and the automobile delivered to the appellee. Under these circumstances, the appellant was not authorized to rescind the contract on the basis that his credit rating had not been approved. That subsequently the appellant was unable to sell the conditional-sale contract at all, to one prospect or to another, without an additional down payment does not, even standing alone, demand a finding that there was lack of a "satisfactory credit rating," but on the contrary, as to prospective purchaser, tends to show that the credit rating was satisfactory and that income was the factor involved inasmuch as the Chrysler Credit Corporation was willing to finance the balance if it was reduced by $500 more down payment on the purchase price. Nor was the dealer's ability to sell the contract made a condition of the contract. If purchase or refusal to purchase the contract, as made, by a banker or financial institution had been the condition, a different question would be made. It is noted that Chrysler refused on two dates. One date was August 3, 1968, before any papers were signed or the signed offer of purchase of the automobile was submitted to the appellant. This may be an error in dates. If it is correct, then this first refusal of Chrysler was known before the offer to purchase was actually made. The last refusal of Chrysler to finance was not an absolute one and

this occurred on August 30, 1968, 11 days after the trover suit was filed. This action could certainly not be a basis for the appellant's rescission of the contract and the filing of the suit prior to its occurrence. Irrespective of these factors, however, and even if the evidence offered by the appellant be sufficient to authorize a finding of a lack of satisfactory credit rating, it does not demand such a finding in view of the uncontradicted evidence that the salesman and the manager of plaintiff appellant stated that the credit was satisfactory and closed the sale. The jury issue here is apparent.

■ Secondly, the evidence shows without contradiction that no tender or offer to return the benefits received by the appellant have been made. In order to rescind this must be done. *Bridges v. Barbree,* 127 Ga. 679 (4) (56 SE 1025).

■ The defendant's counterclaim is premature and the motion to dismiss should have been sustained.

The counterclaim here supplants what for a long time we have designated as a cross action. It is separate from his answer and is an affirmative claim which the defendant seeks to set up and assert against the plaintiff for malicious use of process. There are five numbered paragraphs in the counterclaim, followed by prayers for the recovery of damages. Included in it is the allegation in paragraph numbered four that "as a result of plaintiff's wrongfully depriving him of the use[3] of his vehicle through the within action that he is entitled to rental on said vehicle for the time that it is not in his use and he feels that $15 per day is fair rental for the vehicle in a proper amount commencing on the 23rd day of August, 1968, and continuing until such time as the within matter is finally determined."

He alleged in paragraph five that the "plaintiff has *wilfully and maliciously sworn out a bail process* for the purpose of depriving defendant of the use of his property and not for any threat of concealment or removal of the property as therein alleged and your defendant is thus entitled to punitive damages

---

[3]To sustain an action for malicious use of process it must appear that the person of the defendant was arrested or his property attached, or that some special damage was done to him. *Davis v. Paulk,* 99 Ga. App. 607 (109 SE2d 316), and citations.

from the plaintiff as provided by law." Cf. *Sparrow v. Weld*, 177 Ga. 134 (169 SE 487); s.c., 47 Ga. App. 254 (170 SE 301).

He then seeks and prays for $15 per day from August 23, 1968, and $10,000 punitive damages plus $25,000 to deter a repetition of the wrong.

"A counterclaim by its essential nature goes beyond the defensive and sets up an affirmative demand. It follows that it must state the elements of such a demand, and should state a cause of action in favor of the party alleging it against the plaintiff . . . [A]s a matter of good pleading a counterclaim should be complete in itself, and not intermingled with the defenses in the answer. . . [P]erformance of conditions precedent required to be performed by the defendant should be alleged. . . To come within the scope of Rule 13 [*Code Ann.* § 81A-113] a counterclaim must have 'matured.' "[4] 6 Cyc. of Fed. Procedure (3rd Ed.) § 16.03. "An action should also be dismissed if it was prematurely brought, although in such case the dismissal should be without prejudice." 9 Ibid. § 29.14.

"A pleading shall state as a counterclaim any claim *which at the time of serving the pleading the pleader has against any opposing party,* if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim . . ." *Code Ann.* § 81A-113(a). Under many decisions of the Supreme Court and of this court this counterclaim is premature, because there has been no termination of the main action in defendant's favor, and at the time of serving his pleading defendant had no claim, or was in no position to assert one, against the plaintiff for malicious use of process. Even if eventually there may be one, it was not then and is not yet "matured." The rule that "there can be no recovery unless the plaintiff has a complete cause of action at the time the suit is filed," and that "a cause of action accruing pending the suit will not entitle the plaintiff to recover" (*Deas v. Sammons*, 126 Ga. 431, 432 (55 SE 170, 7 AC 1124)), applies equally to a counterclaim. Indeed, we

---

[4]Here it should have been alleged that the main action had terminated in defendant's favor—which, of course, he could not do; consequently, he could not maintain the counterclaim.

applied it to a counterclaim in *Terry v. Wonder Seal Co.*, 120 Ga. App. 423 (170 SE2d 745).

█ A recovery of damages for malicious use of process cannot be had by way of a cross action or a counterclaim since it is a condition precedent that the main suit must have terminated favorably to the defendant before the claim can be prosecuted in any fashion. *Ellis v. Millen Hotel Co.*, 192 Ga. 66, 69 (14 SE2d 565); *Mathis v. Lathrop's Hatchery*, 211 Ga. 320, supra; *Alexander v. C. & S. Nat. Bnk.*, 212 Ga. 295 (4) (92 SE2d 16); *Douglasville Loan Co. v. Bowen*, 219 Ga. 794 (136 SE2d 319); *Marshall v. Armour Fertilizer Works*, 24 Ga. App. 402 (100 SE 766); *Roberts v. Willys-Overland, Inc.*, 27 Ga. App. 304 (108 SE 138); *Robinson v. Commercial Credit Co.*, 37 Ga. App. 291 (139 SE 915); *Dugas v. Darden*, 65 Ga. App. 394 (15 SE2d 901); *Terry v. Wonder Seal Co.*, 120 Ga. App. 423, supra.

"There is no law by which every case brought by a plaintiff can be turned into a damage suit by the defendant against the plaintiff for bringing it, while it is still pending. While there was no demurrer to the defendant's pleading, yet there were essential legal elements wanting, the absence of which would show a lack of any right to recover by such defendant." *Fender v. Ramsey*, 131 Ga. 440, 443 (62 SE 527).

█ That the defendant included in his counterclaim a paragraph alleging that a fair and reasonable rental on the automobile upon which the bail trover had been executed was $15 per day "commencing August 23, 1968, and continuing until the within matter is finally terminated," does not require a different result.

The whole counterclaim is based upon a wrongful, wilful and malicious use of process resulting in a deprivation of use of the automobile. The hire or rental is included as a part of the claim. Indeed, unless general or nominal or some specific special damage is claimed, none can be recovered for malicious use of process. *Counihan v. Ferrell*, 89 Ga. App. 795 (81 SE2d 214); *Terry v. Wonder Seal Co.*, 120 Ga. App. 423, supra. Unless the claim for rental or hire is a part of the counterclaim, defendant has nothing but a claim for punitive and exemplary damages (about which see subsection (d) below) and on that basis the counter-

terclaim would have to be dismissed. *Beverly v. Observer Publishing Co.*, 88 Ga. App. 490 (4) (77 SE2d 80); *Goodwin v. Candace, Inc.*, 92 Ga. App. 438 (88 SE2d 723). Hire or rental is an element of damage recoverable in an action for malicious use of process. *Farrar v. Brackett*, 86 Ga. 463, 465 (12 SE 686). It is immaterial that on some basis he might have included a claim for rental in his answer or in another counterclaim. Since he has properly included it and made it a part of his claim for malicious use of process, and the claim for malicious use of process cannot be maintained because of prematurity, the claim for rent, as made, falls as a part of this counterclaim.

■ This is not to say that if the defendant prevails in the main action he can not recover for hire of the automobile if he seeks to do so; he can. *McLaurin v. Henry*, 90 Ga. App. 864 (84 SE2d 713); *Wilson v. Swords*, 22 Ga. App. 233 (95 SE 1013); *Underwood Typewriter Co. v. Veal*, 12 Ga. App. 11 (76 SE 645).

This right to recover for the hire of the vehicle is a permissible element of damages in either the main action or in a subsequent action, so long as there is not a double recovery or an attempted double recovery of it. In the trover action the defendant, like the plaintiff, is entitled to an election of verdicts when the plaintiff is cast in the suit. *Marshall v. Livingston*, 77 Ga. 21. It is immaterial that the defendant in the main suit has not filed pleadings therein seeking a recovery of the hire. *Mallary Bros. & Co. v. Moon*, 130 Ga. 591, 594 (61 SE 401).

Consequently, a dismissal, as prematurely brought, of the counterclaim for malicious use of process in which the defendant has included a claim of hire as an element of damages does not prejudice him if he wishes to prove the reasonable hire and seek recovery therefor in the main action. If he should recover or attempt to recover for it there he could not, of course, because of res judicata, include it in a subsequent action. If he does not prevail in the main action there can be no subsequent action.

■ In his counterclaim defendant seeks to recover "punitive damages from plaintiff as provided by law. Defendant sets these damages at $10,000 to him plus $25,000 to deter repetition of the wrong." These damages are sought under *Code* § 105-2002, and he seeks double damages, which are not recoverable. "Under

844

this section of the Code the jury, in awarding damages for a tort which is pregnant with aggravating circumstances either in the act or the intent, may, in addition to compensating the plaintiff for the injury done, give additional damages for the purpose of deterring the wrongdoer from repeating the injury, or as compensation for the wounded feeling of the plaintiff. *Under this section the jury is not authorized to assess damages as a punishment for the wrong done. They can only award such additional damages to deter the wrongdoer from repeating the trespass or injury,* or as compensation for the wounded feelings of the injured party. To deter is one thing. To punish is another and different thing. To award damages to prevent the wrongdoer from repeating the trespass, or to compensate the plaintiff for his wounded feelings is one thing. To do both is quite another thing. *The jury cannot assess damages for the double purpose of punishment and prevention.*" (Emphasis supplied). *Johnson v. Morris,* 158 Ga. 403, 405 (123 SE 707).

The counterclaim is premature and is simply not maintainable here; it should be dismissed.

*Judgment affirmed in part; reversed in part. Bell, C. J., Jordan, P. J., Hall, P. J., Quillian and Whitman, JJ., concur. Pannell, Deen and Evans, JJ., dissent.*

PANNELL, Judge, dissenting. I concur with the majority opinion in its ruling in Division 1 of the opinion, and I concur with the ruling of the majority in Division 2, but only insofar as it holds that a counterclaim for malicious use of process or malicious abuse of process is premature in the present case. As to the remainder, I dissent. The basis of my disagreement with the majority is that they have misconstrued what is called by the parties a cross complaint. Insofar as this case is concerned, it is here immaterial what it is called, but we must determine what it is. Section 8(c) of the Georgia Civil Practice Act (*Code Ann.* § 81A-108) specifically provides: "When a party has mistakenly designated a *defense* as a counterclaim or a counterclaim as a defense, the court . . . shall treat the pleadings as if there had been a proper designation." (Emphasis supplied.)

My position is that the counterclaim sets up proper matter for defense and a proper item for recovery in the event the defen-

dant wins the trover action, that is, the fair rental value of the vehicle. Let us examine the pleading in question with more particularity.

Plaintiff made a motion "to dismiss the cross complaint because said cross complaint *fails to state a claim against this plaintiff*" for which relief can be granted and also on the ground that the cross complaint *fails to set forth any defense* in law or in equity to plaintiff's complaint." The cross complaint in paragraph 1, adopted paragraphs 1 and 2 of the answer, which shows that no payments are past due on the conditional-sale contract, and that there was nothing wrong with the defendant's credit. Paragraph 2 of the cross complaint alleges that the defendant executed all documents requested by the plaintiff and delivered to the plaintiff the Chrysler trade-in and brought the purchased vehicle home with him and that at that time the plaintiff was to have delivered the automobile tag and title to him which he had not yet received. Paragraph 3 alleges that the defendant's agent subsequently demanded $535 additional money and that when the defendant's wife went down to pick up the tag, the plaintiff tried at that time to take the purchased vehicle and subsequently went to defendant's house and attempted to take the purchased vehicle from the defendant's wife. Paragraph 4 alleges "*this defendant shows that as a result of plaintiff's wrongfully depriving him of the use of his vehicle through the within action that he is entitled to rental on said vehicle for the time that it is not in his use and he feels that $15.00 per day is fair rental for the vehicle is a proper amount commencing on the 23rd day of August, 1968, and continuing until such time as the within matter is finally determined.*" Paragraph 5 alleges that the plaintiff has not acted in good faith and wilfully and maliciously swore out the bail trover process for the purpose of depriving defendant of the use of his property and the "defendant is thus entitled to punitive damages from plaintiff as provided by law. Defendant sets these damages at $10,000 to him plus $25,000 to deter the repetition of the wrong." The prayers were as follows: "A. That the prayers of plaintiff be denied in their entirety; *B. That he be granted judgment of this court against plaintiff in the sum of $15.00 per day commencing on the*

*23rd day of August, 1968, and continuing such time as his vehicle is returned to him;* C. That he be granted damages against plaintiff in the sum of $35,000 as by law provided." . The motion to dismiss the cross complaint attacked it as a whole, but made no attack on any of its separate parts. No motion to strike the particular insufficient claim of malicious use or malicious abuse of process was made under the provisions of Section 12(f) of the Civil Practice Act (*Code Ann.* § 81A-112(f)). I concede that the cross complaint fails to set forth a claim for the punitive damages alleged in paragraph 5 and prayed for in paragraph C. of the prayers, however, the cross complaint in paragraphs 1, 2, 3, and 4 and in paragraph B of the prayers sufficiently set up a defense and a claim for hire of the repossessed automobile, and, if defendant prevails in the trover action, he would be entitled to recover the property and its hire in this action under the election granted him in *Code* § 107-209, which reads as follows: "When the plaintiff in a trover suit has replevied the property and, on the trial of the case, fails to recover or dismisses his petition, the defendant, instead of suing on the replevy bond, may recover the property and its hire, or the sworn value placed upon the property in the petition." See also *McLaurin v. Henry*, 90 Ga. App. 864 (84 SE2d 713); *Wilson v. Swords*, 22 Ga. App. 233 (95 SE 1013); *Underwood Typewriter Co. v. Veal*, 12 Ga. App. 11 (76 SE 645). Accordingly, since the cross complaint in part is sufficient to withstand the motion to dismiss, the trial court did not err in overruling the motion. *Medlock v. Wood*, 4 Ga. App. 368 (2) (61 SE 516); *Tuxworth v. Barber*, 21 Ga. App. 748 (1) (94 SE 1042); *Jones v. Lawman*, 56 Ga. App. 764 (194 SE 416); *Dawson Production Credit Assn. v. Connelly*, 61 Ga. App. 889 (1) (8 SE2d 424).

Even should we concede that the claim for hire was joined to the claim for malicious use or malicious abuse of process, the claim for hire is not waived thereby, but can still be asserted and maintained as a proper part of the pleading. Neither was there a motion to strike that portion of the cross complaint seeking to recover hire on the grounds that such pleading and prayer was unnecessary. See Section 12(f) of the Civil Practice Act (*Code Ann.* § 81A-112(f)); Moore's Federal Practice, Vol. 2A,

p. 2419 et seq., paragraph 12.21. "No defense . . . is waived by being joined with one or more other defenses . . . in a responsive pleading . . ." Section 12(b) of the Civil Practice Act (*Code Ann.* § 81A-112(b)).

That, in order to recover hire upon prevailing in the case, it is not necessary that the defendant file pleadings does not authorize the striking of such pleading *on the ground* that it fails to set forth a defense or that it fails to set forth a cross complaint. If the appellant desired to attack some portion of the pleading for insufficiency, he should have made a motion to strike that portion as provided under 12(f) of the Civil Practice Act (*Code Ann.* § 81A-112(f)). Since there is a prayer for the hire seperate from the prayer for punitive damages based on the malicious use or malicious abuse of process, it cannot be said that the claim for hire is included in the damages sought for the malicious use or malicious abuse of process, and should the defendant have failed either by pleading his claim for hire, or by failing to make the election for hire provided in *Code* § 107-209 above, he could not recover for hire in an independent action subsequently brought. The majority opinion in this area makes the ruling that "[i]f he should recover or attempt to recover for it [the hire] there he could not, of course, because of res judicata, include it in a subsequent action." That is exactly what the defendant here did, he attempted to recover for hire, so it follows that under the ruling by the majority "because of res judicata" he cannot "include it in a subsequent action," and in the same breath, they say that the dismissal of his claim for hire by the majority does not preclude him from hire in the present action. How can they dismiss his claim for hire and, at the same time, say he is entitled to recover it because it is not necessary to file pleadings to do so? This may be a convenient arrangement as the law of the case so as to cure any harm done to the defendant by the majority's action in this case, it does not cure the errors in the law of construction of pleadings indirectly laid down by the majority in its construction of the pleadings. The majority ruling in effect ignores the modern concept of construing pleadings more favorably to the pleader; instead they have applied the rule of strict construction and have construed

the present pleadings more strongly against the pleader. To say that a defense and a claim for hire by a defendant in a trover action where the plaintiff has repossessed the property by giving bond therefor is premature, merely because he pleaded it (when no pleading is actually required), is unsupported by any authority, and does not comport with the rules of procedure and practice clearly set forth in the Georgia Civil Practice Act. I cannot agree to such a conclusion.

I am authorized to state that Judges Deen and Evans concur in this dissent.