23978. COASTAL SERVICE, INC. v. JACKSON et al.

NICHOLS, Justice. Coastal Service, Inc. filed a petition seeking to compel by mandamus a contract for the furnishing of vending machine services on the University of Georgia campus. The proposed contract provided for the supplier to furnish, service and keep supplied various types of vending machines to be located on the University of Georgia campus during the contract period. The petition, as amended, alleges that bids were requested, and that the plaintiff's bid would have netted the University at least $80,000 per year, while the bid of the contractor to whom the contract was awarded would have resulted in an income of approximately $76,000 per year, thus making the plaintiff's bid approximately $4,000 better. The plaintiff then alleges that its bid met all requirements and the award of the contract to a competitor was a gross abuse of discretion, was purely an arbitrary and capricious whim on the part of the defendants and had no basis in reason except that the defendants liked the officials of the company awarded the bid more than they did the corporate officers of the plaintiff. The invitation to bid, attached as an exhibit to the petition, contained the following provision: "Ability for efficiency and service will be considered as well as compensation and the University reserves the right to reject any or all bids." The defendant's demurrers to the petition, as amended, were sustained and the plaintiff appeals. *Held:*

1. "Mandamus is ordinarily considered as a remedy for official inaction. *City of Atlanta v. Wright,* 119 Ga. 207 (45 SE 994); *Richmond County v. Steed,* 150 Ga. 229, 231 (103 SE 253). Mandamus is not the proper remedy to compel 'the undoing of acts already done or the correction of wrongs already perpetrated.'" *Wilson v. Sanders,* 222 Ga. 681, 685 (151 SE2d 703).

2. Where as in the present case the plaintiff submitted a bid to perform a service which included the furnishing of vending machines, keeping the same in repair and properly stocked, and the invitation clearly stated price was not the only consideration and the contract for such services has been awarded prior to the filing of the action for mandamus, even assuming that mandamus will lie where there has been a gross abuse of discretion (see *City of Atlanta v. Wright,* 119 Ga. 207, supra), the allegations in the plaintiff's petition do not make such a case. Accordingly, the trial court did not err in sustaining the defendant's general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 13, 1967—DECIDED MARCH 23, 1967.

*Hudson & Stula, Jim Hudson,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Marion O. Gordon, Assistant Attorneys General,* for appellees.