### 23980. GILBERT v. JACKSON et al.

DUCKWORTH, Chief Justice. This petition for injunctive relief brought by an individual, alleging she is a citizen and taxpayer and the sole stockholder of a corporation pecuniarily affected by the award of the contract by the defendants acting on and in behalf of an agency of the State to a competitor of said corporation allowing it to place vending machines on the University of Georgia campus, fails to allege any grounds to bring this action on behalf of the State, nor does she allege how she would be pecuniarily affected by the

loss of the contract to the corporation of which she is the sole stockholder. See *Peeples v. Byrd,* 98 Ga. 688, 697 (25 SE 677); *Alexander v. Citizens &c. Nat. Bank,* 212 Ga. 295 (92 SE2d 16). Further, the invitation for bids attached to the petition as an exhibit shows "ability for efficiency and service will be considered as well as compensation and the University reserves the right to reject any or all bids," and the allegation that the corporation's bid would supply the lowest costs and greatest income to the Regents of the University System of Georgia fails to show such a gross abuse of discretion in the award as to demand a court of equity to enjoin the compliance with the awarded contract. Averments amounting to mere conclusions of the pleader are insufficient to set out a cause of action. See also the mandamus case of *Coastal Service, Inc. v. Jackson,* 223 Ga. 238, a companion case. The court did not err in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 13, 1967—DECIDED MARCH 23, 1967.

*Hudson & Stula, Jim Hudson,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Marion O. Gordon, Assistant Attorneys General, Fortson, Bentley & Griffin,* for appellees.